OPINION
{¶ 1} Defendant-appellant, Michael D. Magers (hereinafter, "Magers"), appeals from judgment of conviction and sentence of the Common Pleas Court of Seneca County entered on a jury verdict in which Magers was found guilty of one count of Murder, in violation of R.C. 2903.02(A), a felony of the first degree, with a firearm specification (R.C. 2929.14(D)(1)(a)(ii)).
 {¶ 2} Sometime in early 2003 Magers and his wife Jodi separated and began living apart. On the night of February 17, 2003, Magers went to the marital residence where Jodi was living to see his estranged wife. The couple's two children also resided with Jodi. As Magers entered the residence on the night in question, he saw Jodi kissing his friend, Billy Martin ("Martin"). A fight ensued between Magers and Martin but Martin was able to flee from the home by driving away from the residence in Jodi's vehicle, a Dodge Durango.
 {¶ 3} After Martin left the residence, Magers punched his wife in the face. Jodi fled from the house and got into her Mercury Mountaineer. Magers approached the vehicle and beat in the windshield with a flashlight. He then went back into the house. Whereupon, Jodi also re-entered the home and called the emergency number 9-1-1. During this time, Magers ran to the upstairs of the house and broke through the glass front of his gun cabinet. Magers took a 20 gauge shotgun and shells from the cabinet. Magers then exited the home, got into his car, and pursued Martin.
 {¶ 4} The pursuit eventually led back to the marital residence. When Magers returned to the house, two sheriff's deputies had also arrived on the scene. Magers proceeded to deliberately crash the vehicle he was driving into the Dodge Durango which Martin had been driving during the pursuit. Magers then exited the vehicle and went to the rear entrance of the house. Despite the presence of the sheriff's deputies at the residence, Magers was able to find Martin alone. Magers shot Martin three times, killing him. After the shooting, Magers surrendered to the law enforcement officials.
 {¶ 5} Magers was indicted for aggravated murder. The matter proceeded to a jury trial. Prior to the jury's deliberations, the jury was instructed on three charges: Aggravated Murder, R.C.2903.01; the lesser included offenses of Murder, R.C. 2903.02; and Voluntary Manslaughter, R.C. 2903.03.
 {¶ 6} The jury found Magers not guilty of the charge of aggravated murder, but found him guilty of the lesser included offense of murder. The jury also found, as marked on the verdict form, that Magers did not prove the affirmative defense of "sudden passion or sudden fit of rage" necessary to a conviction of the lessor offense of voluntary manslaughter. The murder charge to which Magers was found guilty included a firearm specification. Magers was sentenced to an indefinite prison term of fifteen years to life on the murder conviction and three years imprisonment for the firearm specification, with the terms to be served consecutively.
 {¶ 7} Appellant now appeals the judgment of the trial court and sets forth three assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 The jury's decision to find the appellant guilty beyond areasonable doubt of murder was against the manifest weight of theevidence.
 {¶ 8} In this assignment of error, Magers asserts that the jury verdict finding him guilty of murder is against the manifest weight of the evidence. Magers asserts that the evidence adduced at trial established that he acted "under the influence of a sudden passion or in a sudden fit of rage" in shooting and killing Martin. Magers, therefore, argues that he effectively established this affirmative defense and should not have been convicted of murder.
 {¶ 9} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, (citation omitted). In reviewing an appellant's claim on this issue, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Id.
 {¶ 10} A person charged with murder may be convicted of the lesser offense of voluntary manslaughter if the accused proves by a preponderance of the evidence that he acted "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by a serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.03(A); see also State vs. Rhodes
(1992) 63 Ohio St.3d 613.
 {¶ 11} Accordingly, in order to be convicted of the lesser offense of voluntary manslaughter, Magers was required to establish, by a preponderance of the evidence, that he acted under "sudden passion or fit of rage" which was caused by "serious provocation" by Martin reasonably sufficient to incite deadly force against Martin. Moreover, "[t]he law calls for `sudden' provocation, a term that suggests immediacy of action, not action brought about with time for reflection." State v.Gregley (December 16, 1999), 8th Dist. No. 75032.
 {¶ 12} In support of this assertion, Magers maintains that after witnessing Martin kiss his estranged wife, he acted under the influence of sudden passion and in a fit of rage. For example, Magers testified that at the time of the incident, he was "pissed off" and more upset then he had ever been in his whole life; that he struck his wife with a closed fist, something he had never done before; that despite having a key to the gun cabinet, he punched through the glass door of the cabinet to get the shotgun, and; upon his return to the residence, he crashed his vehicle into the Dodge Durango which had been driven by Martin during the car pursuit. Magers, therefore, maintains that when reviewing his actions on the night in question "one can only concluded that he was not acting within his normal frame of mind and was the subject of both sudden passion and sudden rage." The necessary determination in resolving this issue is whether the jury clearly lost its way in finding that Magers failed to prove the affirmative defense, and consequently created a manifest miscarriage of justice by convicting Magers of murder instead of voluntary manslaughter.
 {¶ 13} Our review of the record indicates that there was credible evidence to support the jury's finding that Magers did not establish that he was acting under the influence of sudden passion or fit of rage at the moment he shot Martin. While Magers may have experienced sudden passion and entered sudden fit of rage when he observed Martin kissing his estranged wife, the evidence shows that at least twenty (20) minutes elapsed between the time Magers observed his wife and Martin kissing and the time Magers shot and killed Martin. Within this period of time, Magers encountered Martin in an initial scuffle, physically confronted his wife, beat the windshield of Jodi's car, went upstairs to get a shotgun, and pursued Martin by vehicle before carrying out the murder.
 {¶ 14} Because Magers pursued Martin for nearly 20 minutes after Martin had voluntarily left the residence where the confrontation began, the jury could reasonably conclude that there was a lack of immediacy sufficient to satisfy the requirement of "sudden" passion or fit of rage as required R.C.2903.03. See, State v. Shearer (June 8, 1989), 8th Dist. No. 55460. There is credible evidence to establish that sufficient time elapsed for any sudden rage or fit of passion to abate so that Magers was no longer under its influence when he shot Martin. Accordingly, we find that the trier of fact did not err in refusing to find that Magers proved the affirmative defense of sudden passion or fit of rage. Thus, the jury did not clearly lose its way or go against the manifest weight of the evidence in finding Magers guilty of murder. Appellant's first assignment of error is, therefore, overruled.
ASSIGNMENT OF ERROR NO. II
 Counsel for the defendant provided ineffective assistance ofcounsel.
 {¶ 15} A two-part test is utilized for determining whether a criminal defendant has been denied the effective assistance of counsel. The test first requires a defendant to show that his attorney's performance fell below an objective standard of reasonableness. Strickland v. Washington (1984), 466 U.S. 668. In considering this prong of the test, appellate courts are to afford a high level of deference to the performance of trial counsel. State v. Bradley (1989), 42 Ohio St.3d 136, 142. Attorneys licensed by the State of Ohio are presumed to provide competent representation. State v. Jones, 3d Dist. No. 02-2000-07, 2000-Ohio-1879, citing State v. Hoffman (1998),129 Ohio App.3d 403, 407. Second, the test requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra at 694. This prong requires a probability sufficient to undermine the confidence in the outcome of the trial. See State v. Hill, 3d Dist. No. 11-03-07, 2003-Ohio-5123.
 {¶ 16} Magers maintains that his assistance of counsel was ineffective because his trial attorney failed to make an opening statement, and because his attorney failed to call witnesses other than Magers to support the affirmative defense of sudden passion or fit of rage.
 {¶ 17} At the beginning of jury selection, both prosecution and defense counsel made mini-opening statements to prospective jurors. Then, at the opening of the trial, the prosecution made an opening statement. Defense counsel reserved its opening statement until it presented its case-in-chief. When it came time for defense counsel to present its case-in-chief, however, it waived making an opening statement. Magers asserts that defense counsel should have used the opening statement to clearly set forth the affirmative defense of sudden passion or fit of rage.
 {¶ 18} We note that "[t]he decision not to make an opening statement is viewed as a tactical decision to which a reviewing court must be highly deferential." State v. Williams (1991),74 Ohio App.3d 686, 700, citing Strickland v. Washington (1984),466 U.S. 668, citation omitted. While the preferred trial court strategy may well be to make an opening statement, we cannot say that the decision by Magers's counsel to waive an opening statement amounts to ineffective assistance of counsel. Considering the facts and possible witnesses, counsel could reasonably have concluded that it was too uncertain for defense counsel to predict to the jury what it expected the evidence to show and then to leave the jury wondering why the predicted evidence did not materialize. At the usual time for opening statements, it may have been that defense counsel was undecided about whether to call Magers, the defendant, as a witness. Further, once the state rested its case and defense counsel decided it should call Magers as a witnesses, counsel may also have concluded that Magers, himself, was too unpredictable a witness for counsel to characterize his testimony in advance. Hence, defense counsel could reasonably have decided to waive even its delayed opening statement.
 {¶ 19} Although defense counsel waived an opening statement, the transcript reveals that counsel did, throughout the course of the trial, zealously attempt to establish the defense of sudden passion or fit of rage. Although opposed by the prosecution, defense counsel successfully obtained from the court a jury instruction on the lesser offense voluntary manslaughter.
 {¶ 20} Last, Magers has failed to demonstrate to this court that he has met the second prong of the Strickland test, that if counsel had made an opening statement, the result of the trial would likely have been different.
 {¶ 21} Magers was the only defense witness called during the defense's case-in-chief. Magers maintains that because it is the defendant's burden to establish the affirmative defense of sudden passion or fit of rage, defense counsel should have also called other witnesses to establish that Magers's behavior on the night in question was fueled by sudden rage and passion.
 {¶ 22} Although Magers was the only witness for the defense, defense counsel effectively cross-examined twelve of the sixteen witnesses called by the prosecution. And during the course of this cross examination, defense counsel questioned the witnesses in an attempt to establish the details of Magers's character, including the fact that his behavior on the night in question was out of the ordinary. Magers has not made any showing that, in fact, other witnesses favorable to the defense even existed. We, therefore, cannot find that defense counsel's performance in this regard fell below an objective standard of reasonableness amounting to ineffective assistance of counsel.
 {¶ 23} Appellant's second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. III
 The trial court erred when it denied appellant's motion forjudgment of acquittals, pursuant to Rule 29 of the Ohio Rules ofCriminal Procedure.
 {¶ 24} In this assignment of error, Magers asserts that the trial court erred in finding that sufficient evidence had been submitted such that a reasonable jury could conclude beyond a reasonable doubt that Magers acted with "prior calculation and design" and thereby denying his Crim.R. 29 motion to the charge of aggravated murder.
 {¶ 25} R.C. 2903.01(A) and (F) (S.B 184, effective 5-15-02) provide that "[n]o person shall purposely, and with prior calculation and design, cause the death of another * * * [w]hoever violates this section is guilty of aggravated murder * * *."
 {¶ 26} "The decision of the trial court to deny a motion for judgment of acquittal pursuant to Crim.R. 29(A) based on the sufficiency of the evidence will be upheld if, after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational fact finder could have found the essential elements of the charge proven beyond a reasonable doubt." State v. Myers, 3d Dist. No. 7-99-05, 2000-Ohio-1677, quoting State v. Dennis (1997), 79 Ohio St.3d 421, 430. "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Seiber (1990), 56 Ohio St.3d 4, 13, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
 {¶ 27} The record in the case sub judice demonstrates that there was sufficient evidence admitted from which a jury could reach different conclusions whether each element of the offense of aggravated murder had been proven beyond a reasonable doubt. Specifically, there was sufficient evidence from which the jury could reasonably have concluded that enough time had elapsed from the initial incident to the time of the murder for the influence of sudden passion, if any, to have abated and to have been replaced with such purposeful action as to evince prior calculation and design.
 {¶ 28} Accordingly, the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal on the charge of aggravated murder. Appellant's third assignment of error is overruled.
 {¶ 29} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.