OPINION
{¶ 1} Defendant-Appellant, Keith A. Gaskins, appeals a judgment of the Seneca County Court of Common Pleas, convicting him of escape and sentencing him to one year of incarceration. Gaskins maintains that the trial court erred in overruling his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 2} After reviewing the entire record before us, we find that the State had presented sufficient evidence during its case-in-chief to overcome Gaskins' initial Crim.R. 29(A) motion for acquittal. Furthermore, we find that the trial court did not abuse its discretion by granting the State's motion to reopen its case in order to present additional evidence. Therefore, Gaskins' sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 3} On August 12, 2002, Gaskins was sentenced to eleven months of incarceration after pleading guilty to theft in violation of R.C. 2913.02, a felony of the fifth degree. On November 20, 2002, he was granted judicial release and placed in CROSSWAEH, a community based correctional facility located in Tiffin, Ohio.
 {¶ 4} On February 22, 2003, Gaskins signed out of CROSSWAEH to attend an Alcoholics Anonymous meeting at the First Lutheran Church in Tiffin, Ohio. Around 8:30 p.m. Gaskins' supervisor went to pick him up from the meeting and discovered that Gaskins had left the meeting without permission and had taken a cab to his girlfriend's house.
 {¶ 5} Subsequently, Gaskins was re-apprehended and charged with escape in violation of R.C. 2921.34(A)(1), a felony of the third degree. The matter went to trial before a jury in January of 2004. After the State had presented its case-in-chief and rested, Gaskins moved for acquittal pursuant to Crim.R. 29, but the motion was denied. Gaskins then presented evidence in his defense and rested.
 {¶ 6} After the presentation of all of the evidence, Gaskins again moved for an acquittal pursuant to Crim.R. 29. This time Gaskins included an oral argument with his motion. He argued that under R.C. 2921.34(C)(2)(b), the State was required to prove the degree of the felony he had been under detention for at the time of the escape. Thus, he claimed that a judgment of acquittal was necessary because the State had failed to present evidence during its case-in-chief that he had been incarcerated for a fifth degree felony at the time of his escape. In response to Gaskins' motion and oral argument, the State sought permission from the court to reopen its case and present additional evidence. Gaskins objected to this motion, but the trial court overruled his objection and allowed the State to reopen its case.
 {¶ 7} After the State had presented additional evidence, Gaskins renewed his motion for acquittal under Crim.R. 29. The trial court denied this motion, and the jury returned a verdict of guilty on the sole charge of escape. Consequently, Gaskins was sentenced to one year of incarceration. From this judgment of conviction and sentence Gaskins appeals, presenting one assignment of error for our review.
 Assignment of Error The trial court erred in overruling Appellant Keith Gaskins'motion for acquittal pursuant to Criminal Rule 29 at the close ofthe State of Ohio's case in chief.
 {¶ 8} In his sole assignment of error, Gaskins contends that the trial court erred in overruling his initial motion for acquittal. He claims that the evidence the State had presented in its case-in-chief prior to his first motion for acquittal was insufficient to prove all of the necessary elements of escape under R.C. 2921.34. Gaskins also maintains that the trial court abused its discretion when it allowed the State to reopen its case and present additional evidence.
 {¶ 9} Criminal Rule 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 10} A trial court's decision to deny a motion of acquittal made pursuant to Crim.R. 29 "will be upheld if, after viewing the evidence in a light most favorable to the State, the reviewing court finds that any rational fact finder could have found the essential elements of the charge proven beyond a reasonable doubt." State v. Magers 3rd Dist. No. 13-03-48, 2004-Ohio-4013, at ¶ 26, quoting State v. Myers (March 30, 2000), 3rd Dist. No. 7-99-05, 2000-Ohio-1677, quoting State v. Dennis (1997),79 Ohio St.3d 421, 430. A trial court may not grant a judgment of acquittal pursuant to Crim.R. 29(A), if the evidence is such that reasonable minds can reach different conclusions as to whether the State has proven each element of the criminal offense beyond a reasonable doubt. Magers at ¶ 26, quoting State v. Seiber
(1990), 56 Ohio St.3d 4, 13, quoting State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus.
 {¶ 11} R.C. 2921.34(A)(1), provides that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 12} R.C. 2921.34(C) provides:
(C) Whoever violates this section is guilty of escape.
 (1) If the offender, at the time of the commission of theoffense, was under detention as an alleged or adjudicateddelinquent child or unruly child and if the act for which theoffender was under detention would not be a felony if committedby an adult, escape is a misdemeanor of the first degree.
 (2) If the offender, at the time of the commission of theoffense, was under detention in any other manner or was asexually violent predator for whom the requirement that theentire prison term imposed pursuant to division (A)(3) of section2971.03 of the Revised Code be served in a state correctionalinstitution has been modified pursuant to section 2971.05 of theRevised Code, escape is one of the following:
 (a) A felony of the second degree, when the most seriousoffense for which the person was under detention or adjudicated asexually violent predator is aggravated murder, murder, or afelony of the first or second degree or, if the person was underdetention as an alleged or adjudicated delinquent child, when themost serious act for which the person was under detention wouldbe aggravated murder, murder, or a felony of the first or seconddegree if committed by an adult;
 (b) A felony of the third degree, when the most seriousoffense for which the person was under detention or adjudicated asexually violent predator is a felony of the third, fourth, orfifth degree or an unclassified felony or, if the person wasunder detention as an alleged or adjudicated delinquent child,when the most serious act for which the person was underdetention would be a felony of the third, fourth, or fifth degreeor an unclassified felony if committed by an adult;
 (c) A felony of the fifth degree, when any of the followingapplies:
 (i) The most serious offense for which the person was underdetention is a misdemeanor.
 (ii) The person was found not guilty by reason of insanity,and the person's detention consisted of hospitalization,institutionalization, or confinement in a facility under an ordermade pursuant to or under authority of section 2945.40, 2945.401[2945.40.1], or 2945.402 [2945.40.2] of the Revised Code.
 (d) A misdemeanor of the first degree, when the most seriousoffense for which the person was under detention is a misdemeanorand when the person fails to return to detention at a specifiedtime following temporary leave granted for a specific purpose orlimited period or at the time required when serving a sentence inintermittent confinement.
 {¶ 13} While R.C. 2921.34(A) states the elements of the offense of escape, R.C. 2921.34(C) enumerates the various additional findings which determine the degree of the offense.
 {¶ 14} Gaskins asserts that the State failed to provide evidence during its case-in-chief regarding the degree of the felony for which he was under detention at the time he escaped. Thus, he claims that there was insufficient evidence before the trial court at the time he made his first motion for acquittal to convince reasonable minds that he had committed a third degree felony under R.C. 2921.34(C)(2)(b) and that the trial court committed error by overruling his motion.
 {¶ 15} In fact, the State had presented evidence on each "element" of the offense. Unfortunately, the State had failed to present specific evidence on an additional finding, to wit, the nature of the detention, or degree of offense for which the defendant was under detention at the time of his escape. Had no evidence been presented as to the degree of the offense for which Gaskins was under the detention, he could have been sentenced only for a misdemeanor of the first degree pursuant to R.C.2921.34(C)(2)(c).
 {¶ 16} However, during the State's case-in-chief, testimony was presented that CROSSWAEH was a divisionary program for convicted felons. There was also evidence that Gaskins had been under confinement in CROSSWAEH at the time of his escape. While this testimony did not specify the degree of felony for which he was under confinement, it was sufficient to defeat Gaskins' motion for acquittal and would have been sufficient to permit the trial court to sentence the defendant for a violation of a felony of the third degree pursuant to R.C. 2921.34(C)(2)(b)
 {¶ 17} R.C. 2921.34(C)(2)(b) requires evidence that the escapee was incarcerated for a felony of the third, fourth, or fifth degree at the time of his escape. A fifth degree felony is the lowest degree of felony under the Ohio Revised Code. R.C.2929.14(A). Accordingly, evidence that Gaskins was under confinement for a felony at the time of his escape was sufficient evidence to establish that he was being confined for at least a fifth degree felony. Consequently, there was sufficient evidence presented by the State in its case-in-chief to prove the necessary elements of R.C. 2921.34(A)(1), as well as the additional findings of R.C. 2921.34(C)(2)(b), and to overcome Gaskins' motion for acquittal.
 {¶ 18} Additionally, "the question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion." Columbusv. Grant (1981), 1 Ohio App.3d 96, syllabus; see, also, Statev. Walker (March 8, 2001), 3rd Dist. No. 13-2000-26, 2001-Ohio-2119; State v. Cutlip (June 28, 1993), 3rd Dist. No. 13-93-1. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} In the case sub judice, the trial court allowed the prosecution to reopen its case and recall an earlier witness in order to establish the fact that the felony Gaskins was incarcerated for at the time of his escape was a felony of the fifth degree. There is no claim of surprise or prejudice on the part of Gaskins due to nature or content of this additional testimony. Moreover, Gaskins did not specifically address this issue until he made his second motion for acquittal. He chose not to support his initial motion for acquittal with an oral argument. Nothing in the record before us suggests that the trial court acted unreasonably, arbitrarily, or unconscionably in reaching its decision to allow the State to reopen its case. Accordingly, the trial court did not err in allowing the State to reopen its case and present additional evidence.
 {¶ 20} Because the State was properly allowed to reopen its case, the trial court eventually had before it evidence that Gaskins was under confinement for a fifth degree felony at the time of his escape. Thus, even if the trial court had erred in denying Gaskins' initial motion for acquittal, the trial court eventually had before it all of the required evidence. Therefore, the alleged insufficiency in the State's evidence was remedied, and any error on the part of the trial court for failing to grant Gaskins' Crim.R. 29(A) motion for acquittal would have been harmless. See, State v. Salaam, 1st Dist. No. C-020324, 2003-Ohio-1021, at ¶ 10-13 (upholding the defendant's conviction that resulted when the court allowed the State to reopen its case and present additional evidence after the trial court had granted a Crim.R. 29(A) acquittal, but prior to the acquittal being journalized); Grant, 1 Ohio App.3d at 98 (finding that although the trial court incorrectly ruled on a Crim.R.29(B) motion for acquittal, the error was not prejudicial because the State had been allowed to reopen its case and present further evidence remedying the insufficiency of its case); State v. Oglesbee
(April 9, 1991), 3rd Dist. No. 11-90-2 (allowing the trial court to permit the State to reopen its case and present evidence that the venue was proper.)
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.