OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, William Lucas, appeals the decision of the Belmont County Court, Western Division, convicting him of one count of telecommunications harassment in violation of R.C.2917.21. Lucas challenges the sufficiency of the evidence supporting his conviction claiming that his "hang-up" type phone calls were not made with the intent or purpose of harassing. Because the calls were made late at night and always resulted in "hang-ups", it was reasonable for the trier of fact to conclude that Lucas had the requisite intent to commit telecommunications harassment. The decision of the trial court is affirmed.
 Facts {¶ 2} Lucas and Danielle Hall had been dating for approximately six months. The couple's relationship ended after Lucas was arrested and incarcerated for an unrelated incident. He began calling Hall, who lived with her mother, Vicki Huntsman, several times a day from jail, which caused Huntsman to get a call blocker for her phone.
 {¶ 3} After Lucas was released, Hall started receiving "prank" calls at all hours of the night. Huntsman had a trace placed on the line. A call made on May 27 at 1:34 A.M. was traced to the home of Randall Lee Lucas, Jr., Lucas' father. Huntsman contacted the police and told them she wanted something done about the calls.
 {¶ 4} Chief Zdanski called the Lucas residence and left a message on their machine. Lucas responded to the message by calling the police station and admitting that he had been making the calls to the Huntsman residence. Chief Zdanski told Lucas to stop making the phone calls. However, in spite of the warning, Lucas continued to call the home and the phone tap was reapplied to the line.
 {¶ 5} Lucas was then charged with telecommunication harassment. After a bench trial, the trial court found Lucas guilty of the offense and sentenced him to a 180 day jail term, with 120 of those days suspended. Sufficiency of the Evidence
 {¶ 6} Lucas has assigned two errors which address the same issues of law and fact. They argue:
 {¶ 7} "The trial court erred when it failed to sustain Appellant's Criminal Rule 29, Motion for Acquittal at the close of the state's case, when the state failed to prove beyond a reasonable doubt all of the essential elements of the crime."
 {¶ 8} "The trial court erred where the evidence was insufficient to support a finding of guilty beyond a reasonable doubt."
 {¶ 9} The sufficiency of evidence is a question of law, and is essentially, "a test of adequacy." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-0052. The evidence must be viewed in a light most favorable to the prosecution to determine if reasonable minds can reach different conclusions as to whether the material elements of an offense are proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-0372; State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 10} Lucas was charged and convicted of telephone harassment in violation of R.C. 2917.21(B), which provides that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under a person's control, with the purpose to abuse, threaten, or harass another person." R.C.2917.21(B). When adjudicating a charge of telephone harassment, the key issue is not whether the alleged victim is annoyed or otherwise affected by the call; rather, the purpose of the person who made the call is at the heart of the offense. State v.Bonifas (1993) 91 Ohio App.3d 208, 211-212.
 {¶ 11} Lucas argues that the evidence failed to prove his purpose in making the calls to the Huntsman home was "to abuse, threaten, or harass" as set forth in R.C. 2917.21(B). In support of his argument, Lucas points to this court's recent decision inState v. Patel (Mar. 24, 2004), 7th Dist. No. 03 BE 41,2004-Ohio-1553. In Patel, we concluded that the defendant's conviction for telephone harassment was against the manifest weight of evidence, even though a message left by the defendant on the alleged victim's answering machine included profanity and name calling. We explained that the record indicated that the actual purpose of the telephone call was to inform the alleged victim that he could return to work if he did not cause trouble. R.C. § 2917.21(B).
 {¶ 12} We further opined:
 {¶ 13} "Granted, the language appellant used in the message is reprehensible. He clearly could have conveyed the purpose of his call without profanity or name calling. However, as the actual purpose of his making the call was not to use profanity and name calling, the mere inclusion of them in the message does not raise the incident to the level of telephone harassment. To hold so would essentially mean that any call placed with a legitimate purpose could somehow transform into telephone harassment by the use of profanity, an end that is not warranted by the existing statute." Id. at ¶ 48.
 {¶ 14} Lucas argues that this holding is applicable in this case since he testified that the sole purpose of the calls was to talk to the victim's daughter, Hall, who he had been dating. However, that claim would only be relevant in a manifest weight argument since this evidence was not put into the record until after the State rested. Because Lucas did not argue that his conviction was against the manifest weight, this court's review is limited to the testimony and evidence proffered by the State.
 {¶ 15} In this case, the State provided evidence that Lucas called the Huntsman house several times in the early morning hours and repeatedly hung up on Mrs. Huntsman. Despite the fact that there is no direct evidence of Lucas' intent to annoy or harass, other courts have held that type of evidence is not necessary when the circumstances surrounding the calls tend to show otherwise.
 {¶ 16} For example, in State v. Shrivers, (Dec. 12, 1994), 12th Dist. No. CA 93-13, the defendant made calls without ever speaking to the victim at 11:40 p.m. and at 2:19 a.m. The 12th District determined that the trial court could reasonably conclude from the time of the call and fact that it was a "hang-up" call that reasonable minds could reach different conclusions as to whether the defendant had an intent to harass, abuse, or annoy.
 {¶ 17} Likewise, in State v. Rowe (Dec. 12, 1994), 5th Dist. No. CA94-03-033, a conviction for telephone harassment was upheld despite direct proof of intent. Although the defendant testified that he made the calls because he loved the victim and wanted to straighten things out with her, he also admitted that he made numerous calls after he knew that the hang-up calls were a source of harassment.
 {¶ 18} We agree with the courts' decisions in Shrivers andRowe. The facts in this case differ greatly from those inPatel since in that case there was a recorded message that could be objectively reviewed by the court. Because there is no dialogue occurring between the caller and recipient in a "hang-up" call situation, it would always be the caller's word over the victim's as to their intent.
 {¶ 19} The State has introduced sufficient evidence to support Lucas' conviction. Accordingly, Lucas' assignments of error are meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.