OPINION
{¶ 1} Ryan Stanley, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the court found him guilty, pursuant to a bench trial, of telephone harassment, which is a violation of R.C. 2917.21(B) and a first-degree misdemeanor, and intimidation of a witness, which is a violation of R.C. 2921.04(A) and a first-degree misdemeanor.
 {¶ 2} In July 2005, appellant was married to Erin Stanley, although the couple was estranged, and Erin was living with her parents in Licking County, Ohio. On July 21, 23, and 29, 2005, appellant left messages on Erin's cellular telephone voicemail requesting, essentially, that she lie with regard to a pending domestic violence charge against him. Appellant was subsequently charged with three counts of intimidation of a witness and three counts of telephone harassment. A trial was held on December 15, 2005, at which Erin testified she did not know appellant's location when he left the voicemail messages. During closing arguments, appellant asserted the state had failed to prove the crimes occurred in Franklin County. After closing arguments, the court reset the case for further argument on the issue of venue.
 {¶ 3} On December 20, 2005, the parties presented further argument with regard to the venue issue. During this hearing, the prosecutor indicated that, when she explained to Erin why the case had been continued, Erin told the prosecutor that she retrieved and heard the third message on July 29, 2005, while she was at the Franklin County Municipal Court for a pre-trial hearing on the domestic violence charge. The court reopened the matter, and Erin testified regarding her location when she heard the July 29, 2005 voicemail. The trial court then found appellant guilty of intimidation of a witness and telephone harassment with regard to the July 29, 2005 voicemail only. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:
[I.] THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE STATE TO REOPEN ITS CASE AFTER COMPLETION OF THE TRIAL AND THE SUBMISSION OF THE CASE FOR A VERDICT BY THE COURT SO AS TO ALLOW THE STATE'S PRIMARY WITNESS TO CHANGE HER PREVIOUS TESTIMONY.
[II.] THE TRIAL COURT'S VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE SAME.
 {¶ 4} Appellant asserts in his first assignment of error that the trial court erred in reopening the case after completion of the evidence. Specifically, appellant asserts the trial court wrongly permitted the state to call Erin to testify and change her testimony from the original trial. The question of reopening a case for the presentation of further testimony is within the sound discretion of the trial court. Columbus v. Grant (1981),1 Ohio App.3d 96. The trial court retains discretion to permit the state to reopen its case in order to supply an omission. Id. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 5} Here, appellant argues that the state's purpose for requesting reopening was improper. Appellant claims that the only purpose the state sought in reopening its case-in-chief was to have Erin change and contradict her previous testimony in order to secure a conviction "at any cost." We disagree. Despite appellant's contention that Erin testified at the first hearing that she was at her parents' home in Licking County when she retrieved the July 29, 2005 voicemail message, a review of the record reveals that Erin testified only that she was living with her parents in Licking County at the time of the voicemail:
Q. Okay. At the time back in July, were you living —
A. I was living with my parents.
Q. Okay. And that's where?
A. 4077 * * * Road.
Erin was then asked where her parents' home was located:
A. Alexandria, Ohio.
Q. And that's not in Franklin County, is it?
A. No.
Q. When these calls were made to you, they were made to — What county is it?
A. Licking.
Q. Licking, okay.
 {¶ 6} At no time during the December 15, 2005 hearing was Erin asked where she was physically located at the time she retrieved the July 29, 2005 voicemail. From the above passages, it is evident that Erin was asked only where she lived at the time of the voicemails and to where the calls were made. Thus, the purpose of allowing the reopening was to establish where Erin was physically located at the time she retrieved the voicemails. As she had not testified to that issue during the original hearing, her later testimony that she was located at the Franklin County Municipal Court at the time she retrieved the July 29, 2005 message did not contradict and was not a change from her original testimony. Therefore, the basis for appellant's sole argument is without foundation, and we find the purpose for reopening was proper. We also note appellant makes no claim that he was surprised or prejudiced by the nature or content of the additional testimony. See State v. Gaskins, Seneca App. No. 13-04-12, 2004-Ohio-5427, at ¶ 19 (there is no claim of surprise or prejudice on the part of the defendant due to nature or content of the additional testimony permitted upon reopening). For these reasons, we find the trial court did not abuse its discretion. Appellant's first assignment of error is overruled.
 {¶ 7} Appellant argues in his second assignment of error that the trial court's judgment was against the manifest weight of the evidence and based on insufficient evidence. When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781.
 {¶ 8} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In order to undertake this review, we must sit as a "thirteenth juror" and review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175. If we find that the factfinder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. State v. Getsy (1998),84 Ohio St.3d 180, 193-194; State v. Eley (1978),56 Ohio St.2d 169, syllabus. In conducting our review, we are guided by the presumption that the jury "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 9} R.C. 2917.21(B) provides that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." R.C. 2921.04(A) provides that "[n]o person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness."
 {¶ 10} Appellant first contends that Erin, who was the state's only witness as to the issue of venue, was not entitled to any credibility. Appellant claims that Erin "clearly" testified during the initial trial that she was located in Licking County when she received appellant's calls, and it was only after the prosecution indicated to her that there was a problem with the venue issue that Erin changed and contradicted her trial testimony. However, this argument does not attack the verdict on grounds of insufficiency of the evidence. The issue in a sufficiency of the evidence case is whether there exists any evidence in the record that a rational juror could have believed, construing all evidence in favor of the state, to prove the elements of the crime beyond a reasonable doubt. In the present case, there undoubtedly existed sufficient evidence as to the issue of venue. Erin testified that she was at the Franklin County Municipal Court at the time she retrieved the July 29, 2005 voicemail from appellant. Credibility is not an issue in determining the sufficiency of the evidence, as all evidence must be construed in favor of the state. See State v. Willard
(2001), 144 Ohio App.3d 767, 777-778. Therefore, we find Erin's testimony, if believed, would have convinced the average mind that Franklin County was the proper venue; thus, the court's determination was based upon sufficient evidence.
 {¶ 11} With regard to appellant's manifest weight of the evidence argument, appellant points out that, although Erin claimed to remember her specific location at the courthouse when she retrieved the message, she had no recollection of the cell phone number she had at the time the voicemail was left, what time she left home to go to the court that day, or what time she arrived at the court. She said she was angry when she retrieved that call, but the domestic violence advocate, Jennifer Taylor, testified that Erin did not seem angry when she interviewed her about the call soon after. Appellant also points out that Erin claimed her mother and father were with her when she retrieved the message, but neither of her parents presented any corroborating testimony. However, as explained above, the determination of weight and credibility of the evidence is largely for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Consequently, even though an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the factfinder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22. Here, the trial court was in the best position to view Erin's testimony and make a determination as to her credibility. Although appellant points out several matters that could be construed against Erin's credibility, appellant fails to demonstrate any evidence that specifically refutes her claim. After reviewing the evidence presented, this court is unable to say the trial court "lost its way" in believing Erin's testimony with regard to venue.
 {¶ 12} Appellant next contends that, with regard to the telephone harassment charge, Erin testified that the message at issue made her only upset, angry, and mad. He claims he was merely begging and pleading, and not harassing Erin. According to the complaint, appellant stated in the July 29, 2005 voicemail message:
You gotta tell'em I didn't do anything. Tell'em I didn't touch you[.] Tell'em if they ask you how you got them marks on you, tell'em you got in a fight the day before with someone at your work or somethin[g]. Ya know what I mean? All you gotta do is tell'em I didn't do anything, Erin.
 {¶ 13} In essence, appellant contends the state failed to prove the purpose of his single phone call was "to abuse, threaten, or harass another person." R.C. 2917.21(B). We disagree. Initially, we note R.C. 2917.21(B) does not require more than a single phone call in order to constitute telephone harassment. State v. Shaver (July 28, 1997), Warren App. No. CA96-09-094. Further, when adjudicating a charge of telephone harassment, the key issue is not whether the alleged victim is annoyed or otherwise affected by the call; rather, the purpose of the person who made the call is at the heart of the offense.State v. Bonifas (1993), 91 Ohio App.3d 208, 211-212. However, there need not be direct evidence of the defendant's intent to annoy or harass when the circumstances surrounding the calls tend to show such. State v. Lucas, Belmont App. No. 05 BE 10,2005-Ohio-6786, at ¶ 15. Criminal intent can be inferred from the presence, companionship, and conduct of a criminal defendant both before and after the offense is committed. State v. Pruett
(1971), 28 Ohio App.2d 29, 34. Criminal intent may be proven by either direct or circumstantial evidence. State v. Mootispaw
(1996), 110 Ohio App.3d 566, 570.
 {¶ 14} R.C. 2917.21(B) does not define "abuse," "threaten," or "harass." The fact that the statute does not place legal definitions on each of these terms demonstrates that the General Assembly intended to prohibit conduct that is easily definable by the common everyday meaning of these words. State v. Dennis
(Oct. 30, 1997), Allen App. No. 1-97-42. After reviewing the voicemail message, we find appellant made the July 29, 2005 telephone call with the purpose to harass Erin. Webster's Dictionary defines "harass" as to "exhaust," to "fatigue," or "to annoy persistently." Webster's Ninth New Collegiate Dictionary (1987) 552. "Harass" has been defined in case law as "to persistently torment the recipient of the telephone call." SeeDennis, supra. By repeatedly pleading with Erin that she lie about the circumstances underlying the pending domestic violence charge, a reasonable trier of fact could have determined that appellant was persistently annoying Erin. An alleged abuser's attempt to get his abused spouse to lie about the abuse to authorities or a court arises to the level of "annoying" conduct meant to harass the spouse. Therefore, any rational trier of fact could have found the "harass" element of the crime of telephone harassment proven beyond a reasonable doubt. For these reasons, we find appellant's conviction for telephone harassment was not based upon insufficient evidence or against the manifest weight of the evidence.
 {¶ 15} Appellant also contends that, with regard to the witness intimidation charge, the record was devoid of any testimony that Erin was intimidated, and his single message begging and pleading her to lie in her testimony did not "intimidate or hinder" his wife from discharging her duties as a witness. We disagree. Appellant's obvious intent was to hinder Erin in the prosecution of the domestic violence charge against him and in the discharge of her duties as a witness. Appellant stated in his voicemail message: "You gotta tell'em I didn't do anything. Tell'em I didn't touch you[.] * * * All you gotta do is tell'em I didn't do anything, Erin." We find it inescapable that the evidence demonstrated appellant knowing attempted to hinder Erin's duty to prosecute the criminal action against him. Erin was at the Franklin County Municipal Court regarding the domestic violence charge at the time she retrieved the telephone message. Erin testified she felt appellant was "pressuring" her and telling her she "had to" lie in his July 29, 2005 voicemail message. Placing a call to a victim of domestic violence and attempting to get her to change her story of the events underlying the domestic violence incident has previously been found to constitute witness intimidation pursuant to R.C.2921.04(A). See State v. Munz (Feb. 21, 2002), Cuyahoga App. No. 79576. After a review of the entire record, and after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of intimidation of a witness proven beyond a reasonable doubt. Further, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find the trier of fact did not clearly lose its way and create a manifest miscarriage of justice. The state presented substantial evidence for a reasonable trier of fact to conclude beyond a reasonable doubt that appellant knowingly attempted to hinder Erin in the prosecution of criminal charges against him. For the above reasons, appellant's second assignment of error is overruled.
 {¶ 16} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
French and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.