PER CURIAM OPINION
{¶ 1} This original action in prohibition is presently before this court for review of the parties' respective summary judgment motions concerning the sole claim of relator, Julie Sferra. After considering each side's evidentiary materials and legal arguments, we hold that respondents, the City of Girard and its City Council, are entitled to prevail in this matter because relator has essentially failed to state a proper cause of action for a writ of prohibition. Specifically, we conclude that this matter is not properly before us as an original action because relator does not seek to contest an exercise of jurisdiction by a judicial officer.
 {¶ 2} The subject matter of this proceeding pertains to the legality of Ordinance No. 7404-05, which was enacted by respondents in June 2005. Under the first portion of this ordinance, the City's Police Department was instructed to both install and operate a "speeding camera" system for the purpose of detecting drivers of motor vehicles who fail to abide by the speed limits posted on the City's streets. The system consists of a series of sensors and cameras which can be placed at various locations throughout the City. As a motor vehicle drives by a particular location, the sensor is able to determine if the vehicle is exceeding the posted speed limit; in turn, the camera is then able to take a photograph of the vehicle so that the registered owner of the vehicle can be identified.
 {¶ 3} Ordinance No. 7404-05 further provided that if a vehicle is detected by the system of engaging in a speeding violation, its owner is liable for a civil penalty unless she can furnish information showing that another person had been operating the vehicle when the violation occurred. The owner must give this information to a "hearing officer" within twenty-one days of receiving notice of the alleged violation. The owner can also avoid liability for the violation by providing proper documentation that the vehicle had been reported as stolen.
 {¶ 4} In addition, the new ordinance provided that no criminal penalty would be imposed for a violation detected by the "speeding camera" system. Instead, the owner of the vehicle would only be subject to a basic civil sanction of $85, although the amount of the sanction could be higher under certain circumstances. For example, if the vehicle was detected moving twice the amount of the posted speed limit, the sanction would be $170. Finally, the new ordinance stated that no "points" could be placed on the owner's driving record as a result of a violation.
 {¶ 5} In October 2005, relator received from the City of Girard a notice of liability asserting that her motor vehicle had been detected by a "speed enforcement camera" traveling fifty-one m.p.h. in a twenty-five m.p.h. speed zone. The notice further asserted that if relator chose not to contest the alleged violation, she would be required to pay the sum of $170. In relation to contesting the violation, the notice indicated that she could request to appear before a hearing officer, but that her sanction would be increased by $20 if she was still found "guilty" of the violation.
 {¶ 6} Even though relator made a request to appear before a hearing officer on the matter, she then decided to initiate the instant action before that proceeding could go forward. As the primary grounds for her prohibition claim, relator maintained in her petition that Ordinance No. 7404-05 should be declared invalid because it delineated a procedure for the imposition of a penalty for a "speeding" violation which conflicted with the provisions of the Ohio Traffic Rules. Based upon this, relator argued that the City's ordinance had the effect of depriving the Girard Municipal Court of its jurisdiction over this type of traffic citation. In addition, she contended in her petition that the ordinance should be declared unconstitutional because it violated her rights to equal protection, due process, and to confront any witness against her.
 {¶ 7} For her final relief under her sole claim, relator sought the issuance of an order which would permanently enjoin respondents from sending to any driver a notice of liability for an alleged speeding violation based on their use of the "speeding camera" system. She further sought the issuance of an order which would permanently enjoin respondents from conducting any hearing on her notice of liability or from collecting any sanction from her and all other drivers cited pursuant to the procedure under Ordinance No. 7404-05.
 {¶ 8} Before respondents could file their answer to the original petition, relator submitted an amended petition in which she essentially amended her factual allegations to encompass any individual who had been sent a notice of liability similar to the notice given to her. In making this amendment, relator did not alter the legal foundation for her prohibition claim, and she did not change the nature of the ultimate relief she hoped to obtain through the action.
 {¶ 9} After answering both petitions, respondents have now moved this court for summary judgment as to relator's entire prohibition claim. Under one basis for their motion, they have asserted that relator's factual allegations under both petitions are not sufficient to state a proper claim for a writ. Specifically, respondents have argued that, in bringing the instant action, relator is actually seeking a declaratory judgment as to the constitutionality of Ordinance No. 7404-05 and an injunction to prohibit the city officials from enforcing its requirements. In light of this, they further argue that, since the original jurisdiction of an appellate court does not include claims for injunction and declaratory judgment, the basic subject matter of relator's claim cannot be litigated before us in an original action. In conjunction with the foregoing, respondents have also contended that a writ of prohibition can never lie in this instance because relator has an adequate legal remedy through an injunction action before a court of common pleas.
 {¶ 10} In both replying to respondents' motion and submitting her own motion for summary judgment, relator has restated the basic premise of her two petitions; i.e., by enacting Ordinance 7404-05, respondents are essentially usurping the jurisdiction of the Girard Municipal Court to impose penalties for "speeding" violations. Based upon this, relator has argued that a writ of prohibition is a proper remedy in this instance because the purpose of the action is stop respondent from encroaching upon the jurisdiction of the local court. Furthermore, as to respondents' contention that she is actually seeking a declaratory judgment, relator has argued that the constitutionality of a ordinance can be litigated in a prohibition action when such a determination is necessary to decide if a usurpation of jurisdiction has occurred. Finally, she has maintained that, because the usurpation of jurisdiction is plain and unambiguous in this instance, it is not necessary for her to show the absence of an adequate legal remedy in order to be entitled to a writ of prohibition.
 {¶ 11} In support of their respective motions for summary judgment, both sides have submitted evidentiary materials for our consideration, including duplicate copies of Ordinance 7404-05. Although this court has fully reviewed the materials, we conclude that none of the materials are relevant to the determination of whether relator has stated a viable claim for a writ of prohibition. Obviously, that type of determination can be based solely upon the allegations contained in relator's petitions.
 {¶ 12} As an initial matter, this court would indicate that, although questions as to the sufficiency of a party's claim for relief are usually raised in motions to dismiss under Civ.R. 12(B)(6), such questions can also be asserted in motions for summary judgment under Civ.R. 56. Collier v. Gansheimer, 11th Dist. No. 2001-A-0087, 2002-Ohio-1054. This procedure is permissible because Civ.R. 56(C) expressly provides that the parties' pleadings can be considered in deciding whether there is any genuine factual dispute. Id. Accordingly, this court holds that the dispositive issue in the instant action concerns whether relator has stated a viable claim for a writ of prohibition when she is seeking to enjoin a municipality from enforcing a legislative enactment which encroaches upon the jurisdiction of the local municipal court.
 {¶ 13} In making our determination upon the foregoing issue, we would begin our legal analysis by noting that a writ of prohibition has been defined as an order in which a court of superior authority commands a court of inferior jurisdiction to stop abusing its basic judicial power. See State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70, 73. Stated differently, the inherent purpose of such a writ is to enjoin a court or judicial officer from acting in a manner which exceeds the scope their jurisdiction. State ex rel. The LeatherworksPartnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477.
 {¶ 14} In light of the limited function of a writ of prohibition, it has been held that the writ will not lie against a public official who is not performing a judicial exercise. For example, in State ex rel. Miller v. Reed (1999),87 Ohio St.3d 159, a prisoner sought a writ to stop the county prosecutor from taking steps to have him designated as a sexual predator under R.C. Chapter 2950. In affirming the dismissal of the prohibition petition, the Supreme Court of Ohio concluded that the prisoner could never be entitled to such a writ because the prosecutor was not engaging in judicial function in deciding whether to pursue the matter.
 {¶ 15} Pursuant to the foregoing precedent, it follows that the proper respondent to a prohibition action is typically the court or judge who is intending to act beyond the parameters of his jurisdiction. Although it is certainly possible for other public entities or officials to be properly named as a respondent in this type of action, the decisive factor is whether the entity or official is actually performing a judicial or quasi-judicial function. See, e.g., State ex rel. Jeffreys v. Watkins (1994),92 Ohio App.3d 809. If the entity or official is not exercising any judicial discretion in performing a public function, an action in prohibition is not the proper legal means of enjoining the completion of the act.
 {¶ 16} In the instant action, the primary entities named by relator as respondents in this matter were the City of Girard and its City Council. Even though the captions of both petitions filed by relator refer to the "Automated Traffic Enforcement Division" of the City's Police Department, she did not name as a distinct party the "hearing officer" who has the duty under Ordinance No. 7404-05 to consider submissions which are intended to establish exceptions to liability. In regard to this point, this court would indicate that, of all the procedure delineated in the new ordinance, the procedure to be followed by the hearing officer obviously comes the closest to being "judicial" in nature. Despite this, relator chose not to designate the hearing officer as a separate party against whom the requested writ would lie.
 {¶ 17} More importantly, our review of both petitions before us shows that relator did not frame her allegations and request for relief in a manner which focused solely on the function of the hearing officer. That is, in bringing this action, relator has not exclusively sought to stop the hearing officer from exercising the limited authority granted to his position in the new ordinance. Instead, she has essentially sought to enjoin the City of Girard from enforcing any of the procedures delineated in the ordinance, including those pertaining to the use of the "speeding camera" system and the collection of the civil sanctions.
 {¶ 18} In reviewing the legal sufficiency of petitions for any extraordinary writ, the Supreme Court has indicated that the real objectives of the claims should be considered as part of the analysis. State ex rel. Essig v. Blackwell, 103 Ohio St.3d 481,2004-Ohio-5586. Considered as a whole, the petitions in the instant matter establish that relator's true objective in maintaining the action is to have every aspect of Ordinance No. 74040-5 declared unconstitutional so that the City of Girard cannot use any type of "camera" system to detect speeding violations. By asserting such an attack upon the ordinance, relator is actually contesting the legal propriety of the City's actions in enacting the new law. To this extent, she is challenging the propriety of a legislative act, not a judicial act.
 {¶ 19} In reaching the foregoing legal conclusion, this court would acknowledge that the implementation of Ordinance 7404-05 does raise certain jurisdictional questions concerning the legality of the imposition of a sanction for a traffic violation without the intervention of a court. However, in light of the aforementioned precedent, it is evident that not all jurisdictional issues are intended to be resolved through a prohibition action. Again, the basic purpose of such an action is to determine whether a judicial officer is properly exercising his jurisdiction in a specific case. In the instant matter, relator's sole objective is to establish that the City of Girard has enacted an invalid ordinance for the purpose of imposing liability for a traffic offense.
 {¶ 20} In support of her contention that she has stated a valid claim in prohibition, relator relies upon the Supreme Court's decision in State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451. But our review of that decision readily indicates that it involved a situation in which the relators sought an order to enjoin sitting common pleas judges from enforcing some provisions of recent "tort reform" legislation. To the extent that the instant matter does not involve the actions of a sitting judge, it is readily distinguishable from Sheward.
 {¶ 21} In light of both the nature of the relief sought and the nature of the parties named as respondents in this action, it is apparent that relator's petitions actually state claims for both declaratory and injunctive relief. Pursuant to Section 3(B), Article IV of the Ohio Constitution, an appellate court does not have original jurisdiction over those claims. See, generally,State ex rel. Biros v. Logan, 11th Dist. No. 2003-T-0016,2003-Ohio-5425, at ¶ 15. Accordingly, relator's factual allegations were insufficient to state a viable claim for a writ of prohibition.
 {¶ 22} In turn, consistent with our analysis as to the sufficiency of relator's claim, it follows that respondents are also entitled to summary judgment under Civ.R. 56. See Collier,
supra, 2003-Ohio-1054. That is, since the undisputed facts set forth in relator's petitions indicate that no judicial officer has exceeded the scope of his jurisdiction, respondents are entitled to judgment as a matter of law. Therefore, respondents' motion for summary judgment is hereby granted. Furthermore, relator's cross-motion for summary judgment is overruled.
 {¶ 23} It is the order of this court that final judgment is hereby rendered in favor of respondents as to relator's entire prohibition claim. Writ denied.
Ford, P.J., Grendell, J., O'Toole, J., concur.