THE STATE EX REL. SCOTT ET AL., APPELLANTS,

*v.* CITY OF CLEVELAND ET AL., APPELLEES.

## [Cite as *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573.]

(No. 2006–0971—Submitted November 14, 2006—Decided December 20, 2006.)

————————

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of prohibition challenging the validity of a municipal ordinance authorizing civil penalties against owners of automobiles that have been photographed by an automated-camera system that detects and photographs cars that run red lights or speed. Because the city does not patently and unambiguously lack jurisdiction to impose these penalties, we affirm.

### Section 413.031

{¶ 2} In July 2005, the Cleveland City Council enacted Cleveland Codified Ordinances 413.031 ("Section 413.031"), which authorizes the use of automated-camera systems to impose civil penalties on the owners of cars that have been photographed by an automated-camera system. "This civil enforcement system imposes monetary liability on the owner of a vehicle for failure of an operator to stop at a traffic signal displaying a steady red light indication or for the failure of an operator to comply with a speed limitation." Section 413.031(a). The imposition of liability under Section 413.031 is not deemed a conviction and is not made a part of the car owner's driving record. Section 413.031(d). In addition, no points are assessed against the owner or driver. Section 413.031(i).

{¶ 3} Any ticket generated by an automated-camera system (1) is reviewed by a Cleveland police officer, (2) is sent by first-class mail to or is personally served at the address of the registered owner of the vehicle, and (3) specifies the manner in which the ticket may be appealed. Section 413.031(h).

{¶ 4} Section 413.031(k) provides an administrative appeal process:

{¶ 5} *"Appeals.* A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket. * * *

{¶ 6} "Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court. At hearings, the strict rules of evidence applicable to courts of law shall not apply. The contents of the ticket shall constitute a prima facie evidence of the facts it contains. Liability may be found by the hearing examiner based upon a preponderance of the evidence. If a finding of liability is appealed, the record of the case shall include the order of the Parking Violations Bureau, the Ticket, other evidence submitted by the respondent or the City of Cleveland, and a transcript or record of the hearing, in a written or electronic form acceptable to the court to which the case is appealed."

## Notices of Liability

{¶ 7} In January and February 2006, appellant Stuart E. Scott received notices of liability from the city of Cleveland indicating that a vehicle registered to him had been photographed speeding by the city's automated-camera system. Scott requested an appeal hearing on his two speeding citations, and the Clerk of the Cleveland Municipal Court scheduled a hearing on April 25, 2006.

{¶ 8} On March 20, 2006, the husband of appellant Katherine A. Scheid received a notice of liability from Cleveland informing him that a vehicle registered to him had been photographed speeding by the city's automated-camera system. Scheid notified the city that she had been driving her husband's vehicle at that time and that she was requesting an appeal hearing on the citation.

{¶ 9} On March 20, 2006, appellant Clement Kollin received from the city a notice of liability stating that a vehicle registered to him had been photographed speeding by the city's automated-camera system. Kollin requested an appeal hearing.

## Prohibition Case

{¶ 10} On April 5, 2006, appellants, Scott, Scheid, and Kollin, filed a petition in the Court of Appeals for Cuyahoga County. They requested a writ of prohibition permanently enjoining appellees, Cleveland, Cleveland City Council, and Cleveland's Parking Violations Bureau and Photo Safety Division (collectively, "city"), from conducting any hearings concerning the automated-camera system and Section 413.031 through the Parking Violations Bureau, and permanently enjoining the city from issuing any notices of liability as a result of its automated-camera system and Section 413.031. Appellants also requested an alternative writ during the pendency of the action.

{¶ 11} On April 13, 2006, the city filed a brief in opposition to appellants' motion for an alternative writ. The city argued that appellants' prohibition claims lacked merit.

{¶ 12} On April 25, 2006, the court of appeals sua sponte dismissed the petition. The court of appeals determined that the city did not patently and unambiguously lack jurisdiction to impose civil liability for speeding violations detected by its automated-camera system, that appellants had an adequate remedy in the ordinary course of law by appeal, and that the nature of the relief requested by appellants was that of a prohibitory injunction.

{¶ 13} This cause is now before the court upon appellants' appeal as of right.

### Sua Sponte Dismissal

{¶ 14} Appellants assert that the court of appeals erred in sua sponte dismissing their prohibition action for failure to state a claim upon which relief can be granted. Dismissal was appropriate if after presuming the truth of all material factual allegations of appellants' petition and making all reasonable inferences in their favor, it appeared beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief in prohibition. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 6. Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 15} In order to be entitled to the requested writ of prohibition, appellants had to establish that (1) the city was about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exits in the ordinary course of law. *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14. As the court of appeals recognized, the city concedes that the first requirement for the writ has been satisfied because the civil hearing process provided by Section 413.031(k) involves the exercise of quasi-judicial authority. See *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908 ("Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial").

{¶ 16} For the second and third requirements, unless jurisdiction is patently and unambiguously lacking, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy in the ordinary course of law by appeal. See *State ex rel. Estate of Hards v. Klammer*, 110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 10.

{¶ 17} For the following reasons, the city does not patently and unambiguously lack jurisdiction.

{¶ 18} First, "[l]egislative enactments are presumed to be constitutional." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 20. Ordinances—like Section 413.031—are afforded the same presumption. See, e.g., *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶ 18.

{¶ 19} Second, the Home–Rule Amendment authorizes Ohio municipalities "to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. "Thus, a municipality may regulate in an area such as traffic whenever its regulation is not in conflict with the general laws of the state." *Linndale v. State* (1999), 85 Ohio St.3d 52, 54, 706 N.E.2d 1227. Section 413.031 represents Cleveland's attempt to regulate on the subject of local traffic.

{¶ 20} Third, it is unclear whether Section 413.031 conflicts with R.C. 4521.05, which sets forth the jurisdiction of parking-violations bureaus established pursuant to R.C. 4521.04. See *State ex rel. King v. Summit Cty. Council*, 99 Ohio St.3d 172, 2003-Ohio-3050, 789 N.E.2d 1108, ¶ 38, quoting *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, paragraph two of the syllabus (" 'In determining whether an ordinance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa' ").

{¶ 21} Fourth, many of the statutes and rules cited by appellants in support of their prohibition claim are inapplicable to administrative proceedings such as the proceeding specified in Section 413.031. Cf. R.C. 4510.036(B) ("Every *court of record or mayor's court* before which a person is charged with a violation for which points are chargeable by this section shall assess and transcribe to the abstract of conviction that is furnished by the bureau to the court the number of points chargeable by this section * * * " [emphasis added] ); Traf.R. 1(A) ("These rules prescribe the procedure to be followed in all *courts* of this state in traffic cases" [emphasis added] ); Crim.R. 1(A) ("These rules prescribe the procedure to be followed in all *courts* of this state in the exercise of criminal jurisdiction * * * " [emphasis added] ); Civ.R. 1(A) ("These rules prescribe the procedure to be followed in all *courts* of this state in the exercise of civil jurisdiction * * * " [emphasis added]); R.C. 2937.46(A) ("The supreme court of Ohio, in the interest of uniformity of procedure in the various *courts* and for the purpose of promoting prompt and efficient disposition of cases arising under the traffic laws of this state and related ordinances, may make uniform rules for practice and procedure in *courts* * * * " [emphasis added] ). Section 413.031

authorizes an administrative proceeding that does not require compliance with statutes and rules that, by their own terms, are applicable only to courts.

{¶ 22} Fifth, "[c]onstitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action * * *." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11.

{¶ 23} Sixth, the Court of Appeals for Trumbull County recently denied a writ of prohibition involving a comparable challenge to the propriety of a municipal ordinance authorizing civil penalties to be imposed on the owners of vehicles detected speeding and photographed by an automated-camera system. *State ex rel. Sferra v. Girard*, Trumbull App. No. 2005–T–0125, 2006-Ohio-1876, 2006 WL 988079.

{¶ 24} Finally, because the city does not patently and unambiguously lack jurisdiction, appellants have an adequate remedy in the ordinary course of law by way of the administrative proceedings set forth in Section 413.031 and by appeal of the city's decision to the common pleas court. See, e.g., *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 14.

{¶ 25} Therefore, because appellants could not prevail on their prohibition claim based on the facts alleged in their petition, the court of appeals did not err in sua sponte dismissing their petition. *Duran*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

### Consideration of Outside Matters in Civ.R. 12(B)(6) Determination

{¶ 26} Appellants also claim that the court of appeals erred in dismissing the action pursuant to Civ.R. 12(B)(6) because it considered materials outside the petition. Appellants claim that the court of appeals should not have considered the city's legal arguments in its brief in opposition to appellants' motion for an alternative writ. Although it is true that a Civ.R. 12(B)(6) determination cannot rely on *factual allegations* or *evidence* outside the complaint, *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 281, 707 N.E.2d 931, courts are free to consider memoranda, briefs, and oral arguments on legal issues in determining whether a complaint should be dismissed for failure to state a claim upon which relief can be granted, and this material is not considered to constitute matters outside the pleadings that would necessitate a summary-judgment determination, see, generally, 5C Wright & Miller, Federal Practice and Procedure (2004) 182–183, Section 1366 (analyzing similarly worded federal rule); see, also, *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170, and cases cited therein (courts may take judicial notice of appropriate matters in determining Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

Conclusion

{¶ 27} Therefore, the court of appeals acted properly in sua sponte dismissing appellants' prohibition action. Their petition failed to state a claim warranting the requested extraordinary relief. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

RESNICK, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

MOYER, C.J., PFEIFER and LANZINGER, JJ., concur in judgment only.

---

Betras, Maruca, Kopp, Harshman & Bernard, L.L.C., David J. Betras, and Brian P. Kish, for appellants.

Robert J. Triozzi, Cleveland Director of Law, Thomas J. Kaiser, Chief Trial Counsel, and Gary S. Singletary, Assistant Director of Law, for appellees.