THE STATE EX REL. SLIWINSKI, EXR., APPELLANT,
*v.* BURNHAM UNRUH, JUDGE, APPELLEE.

[Cite as *State ex rel. Sliwinski v. Burnham Unruh,*
118 Ohio St.3d 76, 2008-Ohio-1734.]

(No. 2007–2228—Submitted April 9, 2008—Decided April 16, 2008.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition. Appellant seeks to prevent a trial court judge from conducting a sanctions hearing and enforcing entries dismissing a defendant from the case and awarding costs and attorney fees. Because the trial court judge does not patently and unambiguously lack jurisdiction to do so, we affirm the judgment of the court of appeals.

*Sliwinski v. Village at St. Edwards,*
Summit C.P. No. CV–2006–10–6432

{¶ 2} In 2006, appellant, Mary Sliwinski, the executor of the estate of Alice Sekerak, filed a complaint in the Summit County Court of Common Pleas alleging claims of negligence, wrongful death, and medical malpractice against Robert E. Norman, M.D., and The Villages at St. Edwards, a nursing home. After appellee, Judge Brenda Burnham Unruh, denied the nursing home's motion for summary judgment, the nursing home filed a motion pursuant to R.C. 2323.42(B), requesting the common pleas court to find that appellant lacked a good-faith basis to continue prosecuting the case against it and, based on that finding, to dismiss the claim against it and award expenses, attorney fees, and costs. In her response to the motion, appellant claimed that the motion should be denied because she had "an excellent good faith basis upon which to continue the case."

{¶ 3} In September 2007, Judge Burnham Unruh granted the nursing home's motion after determining that appellant's "own experts are unable to establish proximate causation" for the claims against the nursing home. Upon appellant's request for clarification, Judge Burnham Unruh issued a new entry noting that as a result of the previous entry, no claims remained pending against the nursing home and that the nursing home would be entitled to attorney fees and costs, with an evidentiary hearing scheduled to determine the amount.

## Court of Appeals Case

{¶ 4} In November 2007, appellant filed a complaint in the Court of Appeals for Summit County for a writ of prohibition to prevent Judge Burnham Unruh from conducting any further hearings on the award of attorney fees and costs and from enforcing her entries granting the nursing home's good-faith motion. Shortly thereafter, the court of appeals dismissed the complaint sua sponte.

{¶ 5} This cause is now before the court upon appellant's appeal as of right.

## Prohibition

{¶ 6} Appellant asserts that the court of appeals erred in dismissing her prohibition complaint. A court can dismiss a complaint sua sponte and without notice if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 7} To be entitled to the requested writ of prohibition, appellant had to establish that (1) Judge Burnham Unruh was about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *Tatman v. Fairfield Cty. Bd. of Elections,*

102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14. Appellant sufficiently alleged that Judge Burnham Unruh exercised judicial authority in granting the nursing home's good-faith motion and dismissing the claims against the nursing home.

### Patent and Unambiguous Lack of Jurisdiction: R.C. 2323.42

{¶ 8} For the remaining requirements for a writ of prohibition, "unless jurisdiction is patently and unambiguously lacking, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy in the ordinary course of law by appeal." *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 16.

{¶ 9} Appellant claims that under R.C. 2323.42, Judge Burnham Unruh patently and unambiguously lacked jurisdiction to award costs and fees and to dismiss the claims against the nursing home. R.C. 2323.42 prescribes "procedures in civil actions upon a medical, dental, optometric, or chiropractic claim in which a court must determine, upon a defendant's motion, whether or not there is a reasonable good faith basis upon which the particular claim is asserted against that defendant, and the court must award the defendant certain court costs and attorneys' fees if no reasonable good faith basis is found." Legislative Bill Analysis to 2002 Am.Sub.S.B. No. 281, Bill Summary, 124th General Assembly, www.lsc.state.oh. us/analyses.

{¶ 10} "Upon the motion of any defendant in a civil action based upon a medical claim * * *, the court shall conduct a hearing regarding the existence or nonexistence of a reasonable good faith basis upon which the particular claim is asserted against the moving defendant." R.C. 2323.42(A).

{¶ 11} If, after the hearing, the court "determines that there was no reasonable good faith basis upon which the plaintiff asserted the claim in question against the moving defendant or that, at some point during the litigation, the plaintiff lacked a good faith basis for continuing to assert that claim, the court shall award all of the following in favor of the moving defendant:

{¶ 12} "(1) All court costs incurred by the moving defendant;

{¶ 13} "(2) Reasonable attorneys' fees incurred by the moving defendant in defense of the claim after the time that the court determines that no reasonable good faith basis existed upon which to assert or continue to assert the claim;

{¶ 14} "(3) Reasonable attorneys' fees incurred in support of the good faith motion." R.C. 2323.42(C).

{¶ 15} Appellant asserts that R.C. 2323.42 patently and unambiguously divested Judge Burnham Unruh of jurisdiction in two respects. Appellant first claims that the trial court's jurisdiction under the statute could not vest until the close of

discovery because R.C. 2323.42(A) provides that the "defendant shall file the motion not earlier than the close of discovery in the action and not later than thirty days after the court or jury renders any verdict or award in the action."

{¶ 16} Appellant's claim lacks merit. R.C. 2323.42(A) does not specify a jurisdictional requirement. "As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, paragraph three of the syllabus; *State ex rel. Ragozine v. Shaker,* 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13. In fact, R.C. 2323.42(A) does not direct *the court* to act within any specified time. Cf. *State ex rel. Madsen v. Foley Jones,* 106 Ohio St.3d 178, 2005-Ohio-4381, 833 N.E.2d 291, ¶ 8.

{¶ 17} Appellant next asserts that R.C. 2323.42(C) does not list dismissal as one of the dispositive options of the court when it makes a finding that the plaintiff's claim lacks a good-faith basis. Therefore, appellant asserts, Judge Burnham Unruh patently and unambiguously lacked jurisdiction to do so.

{¶ 18} Again, appellant's claim lacks merit. R.C. 2323.42(C) does not expressly prohibit a court from dismissing a claim that it determines to lack a good-faith basis. In fact, under R.C. 2323.42(D), a defendant that intends to file a good-faith motion must first serve a " 'notice of demand for *dismissal* and intention to file a good faith motion' " on the plaintiff. (Emphasis added.) This language implies that a court has authority to dismiss the claim against the moving defendant if it determines that no reasonable good-faith basis exists for the plaintiff to have asserted the claim or to continue asserting the claim. In fact, it would be unreasonable to conclude that a claim that lacks a good-faith basis could *not* be dismissed or denied. See *State ex rel. Todd v. Felger,* 116 Ohio St.3d 207, 2007-Ohio-6053, 877 N.E.2d 673, ¶ 10 (court has duty to construe statutes to avoid unreasonable or absurd result).

{¶ 19} In addition, trial courts have inherent authority under certain circumstances to dismiss claims even without a motion. *Scott,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14 ("Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint"); *Stiriz v. Motorists Mut. Ins. Co.* (Mar. 29, 2002), Fulton App. No. F–01–010, 2002 WL 479826, *7 (trial court did not err in dismissing a meritless claim prior to trial without any pending dismissal motion).

{¶ 20} Appellant next contends that if R.C. 2323.42 is construed to permit dismissal of her medical claims against the nursing home, it is unconstitutional. Appellant raised this issue in her complaint in the court of appeals ("Such would

obviously conflict unconstitutionally with the Supreme Court's Civil Rule 56 significantly different summary judgment procedures").

{¶ 21} Appellant's contention does not raise a patent and unambiguous lack of jurisdiction because R.C. 2323.42 is presumed constitutional, and constitutional challenges to legislation are normally resolved in an action in the ordinary course of law in a common pleas court rather than in an action for extraordinary relief in this court. *Scott*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 18; *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97, ¶ 32.

{¶ 22} Therefore, in the absence of a patent and unambiguous lack of jurisdiction, appellant has an adequate remedy in the ordinary course of law by way of appeal from any adverse final order entered by Judge Burnham Unruh in the underlying case. Insofar as appellant claims that because the judge's orders are not yet appealable, she lacks an adequate remedy at law, it is well settled that "neither prohibition nor mandamus may be employed as a substitute for an appeal from interlocutory orders." *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109; see also *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus.

### Court of Appeals Journal Entry Signed by Two Judges

{¶ 23} In her final claim, appellant asserts that the court of appeals' dismissal of her complaint in prohibition is void because it was signed by only two judges. She cites Section 3, Article IV of the Ohio Constitution, which specifies that in appellate districts having more than three judges, "three judges shall participate in the hearing and disposition of each case."

{¶ 24} We rejected a similar claim in *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 96, 563 N.E.2d 713:

{¶ 25} "We find that Baran has failed to present sufficient evidence to support his assertion that only two [court of appeals] judges participated in the case below. All that he offers by way of proof is the journal entry and opinion, which was signed by Presiding Judge Nahra and reflected the concurrence of Judge Dyke. But the number of judges participating in a case may be greater than the signatures on a journal entry would indicate. The Rules of Appellate Procedure do not specify that each participating judge must sign entries. To the contrary, all that is required is the signature of one judge. See App.R. 22(A), which provides that '[a]ll judgments shall be in the form of a journal entry signed by *a judge* of the court and filed with the clerk.' (Emphasis added.)"

{¶ 26} Appellant's citation of Sup.R. 36.1 does not require a contrary result. That rule involves the court of appeals' duty to make available to the parties in a case the names of the judges assigned to hear the case before the case is either orally argued or submitted to the court without oral argument. The rule does

not require that court of appeals' judgment entries contain the names of all of the participating judges.

{¶ 27} Therefore, in accordance with *Baran*, the court of appeals' dismissal of appellant's complaint against the nursing home is not void.

Conclusion

{¶ 28} Based on the foregoing, the court of appeals correctly determined that appellant's prohibition complaint lacked merit. Appellant raises what are best described as potential errors in the judge's exercise of jurisdiction, which should be raised on direct appeal rather than by extraordinary writ. See, e.g., *Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, 835 N.E.2d 34, ¶ 11. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

John Wood, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Corina Staehle Gaffney, Assistant Prosecuting Attorney, for appellee.