DECISION
{¶ 1} Relator, Berle Carter (referred to as "petitioner" in the magistrate's decision), has filed this original action requesting that this court issue a writ of prohibition prohibiting respondents Ohio Department of Rehabilitation and Correction and Christine Money, Marion Correctional Institution Warden, from exercising judicial authority by enforcing a policy making relator sign a waiver of both extradition and the right to seek habeas corpus relief relative to an extradition waiver as a condition for releasing him on post-release control. Relator has filed motions for judgment on the pleadings and summary judgment. Respondents have filed a motion to dismiss.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant respondents' motion to dismiss and deny relator's motions for judgment on the pleadings and summary judgment. (Attached as Appendix A.) Relator has filed an objection to the magistrate's decision; however, relator raises no new issues in his objections and fails to specifically identify how the magistrate erred in her analysis.
 {¶ 3} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently discussed and determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and grant respondents' motion to dismiss and deny relator's motions for judgment on the pleadings and summary judgment.
Objections overruled; action dismissed.
Lazarus, P.J., and Sadler, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Berle Carter, : Petitioner, : v. : No. 04AP-339 The Ohio Department of Rehabilitation : (REGULAR CALENDAR) and Corrections et al., : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 28, 2004 Berle Carter, pro se.
Jim Petro, Attorney General, and John H. Jones, for respondents.
 IN PROHIBITION ON MOTIONS {¶ 4} Petitioner, Berle Carter, has filed this original action requesting that this court issue a writ of prohibition prohibiting respondents Ohio Department of Rehabilitation and Correction and Christine Money, Warden, Marion Correctional Institution, from exercising judicial authority by enforcing a policy making petitioner sign a waiver of both extradition and the right to seek habeas corpus relief relative to an extradition waiver as a condition for releasing him on post-release control. Petitioner has filed motions for judgment on the pleadings and summary judgment.
Findings of Fact:
 {¶ 5} 1. Petitioner is an inmate currently incarcerated at the Marion Correctional Institution.
 {¶ 6} 2. Petitioner is serving a definite sentence for robbery. As a condition of his release, petitioner was ordered to post-release control supervision pursuant to R.C. 2967.28(B).
 {¶ 7} 3. Petitioner alleges that he will be eligible for post-release control in February 2006.
 {¶ 8} 4. Petitioner has learned that, before he will be released on post-release control, he will be required to sign a waiver of extradition and habeas corpus relief form.
 {¶ 9} 5. Petitioner has filed this action in prohibition arguing that, although respondent has executive authority to set conditions for parolees being released on supervision, that authority does not extend to a waiver of extradition and habeas corpus relief. Petitioner asks this court to find that the waiver of extradition form encroaches upon his constitutional rights.
 {¶ 10} 6. Respondents have filed a motion to dismiss, petitioner has filed a response thereto, and motions for judgment on the pleadings and summary judgment.
Conclusions of Law:
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 12} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, petitioner must establish that: (1) respondents are about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543.
 {¶ 13} For the foregoing reasons, this magistrate concludes that petitioner has not demonstrated that he is entitled to relief in prohibition and respondents' motion to dismiss should be granted.
 {¶ 14} First, respondents are not about to exercise either judicial or quasi-judicial power. In State ex rel. McKee v.Cooper (1974), 40 Ohio St.2d 65, this court had granted a writ of prohibition where the prisoner had alleged that respondents were about to hold a parole hearing for the prisoner prior to the expiration of his statutory minimum sentence. On appeal, the Ohio Supreme Court found that the General Assembly intended different standards of parole eligibility for reformatory inmates compared to penitentiary inmates and denied the requested writ of prohibition. However, the court did note that prohibition could have been granted inasmuch as the respondents were about to exercise judicial or quasi-judicial power by holding a hearing. The court concluded that the act of holding a hearing to decide whether someone should be granted parole constitutes an exercise of judicial or quasi-judicial power and is precisely the act which a judge performs in pronouncing sentence and the hearing itself results in decisions which effect fundamental rights of the prisoner.
 {¶ 15} In the present case, there is no hearing or other judicial or quasi-judicial power about to be exercised. Furthermore, the act which petitioner seeks to prohibit will not occur until the year 2006. Lastly, petitioner has an adequate remedy at law in the nature of a declaratory judgment action. Petitioner is alleging that the action of respondents by requiring that he sign this form is unconstitutional and a declaratory judgment action would be appropriate to test the constitutionality of the form.
 {¶ 16} Inasmuch as petitioner makes no argument in support of his motion for summary judgment, it is denied. Petitioner's motion for judgment on the pleadings is denied because petitioner's complaint fails to state a claim.
 {¶ 17} This magistrate finds that dismissal of petitioner's complaint for failure to state a claim is appropriate inasmuch as, even if all the factual allegations of the complaint were presumed true in all reasonable inferences are made in petitioner's favor, it appears beyond doubt that petitioner can prove no set of facts warranting him to the requested extraordinary relief in prohibition. Petitioner's motions for judgment on the pleadings and summary judgment are denied. As such, this court should grant the motion of respondents to dismiss.
 /s/ Stephanie Bisca Brooks 
STEPHANIE BISCA BROOKS MAGISTRATE