DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Dennis Nerren, appeals his conviction out of the Wayne County Municipal Court. This Court affirms.
 I. {¶ 2} Appellant was charged with one count of receiving stolen property in violation of R.C. 2913.51, a misdemeanor of the first degree. The matter was tried to the court on April 25, 2005. The State presented the testimony of two witnesses, then rested. At the conclusion of the State's case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. Appellant argued that the State had failed to offer any evidence on a necessary element of the offense. Upon the State's request, and over appellant's objection, the trial court allowed the State to reopen its case to present evidence on the remaining element of the offense.
 {¶ 3} At the conclusion of trial, the trial court found appellant guilty. The trial court later sentenced appellant accordingly. Appellant timely appeals, setting forth three assignments of error for review. This Court considers the assignments of error out of order and consolidates the first and third assignments of error to facilitate review.
 II. ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN, AFTER THE STATE HAD RESTED ITS CASE, THE TRIAL COURT ALLOWED THE STATE TO REOPEN ITS CASE AND PRESENT ADDITIONAL EVIDENCE ON AN ESSENTIAL ELEMENT OF THE COMPLAINT."
 {¶ 4} Appellant argues that the trial court abused its discretion when it allowed the State to reopen its case-in-chief, after it had rested and appellant had moved for acquittal pursuant to Crim.R. 29, so that the State could present evidence regarding a necessary element of the offense. This Court disagrees.
 {¶ 5} It is well established that the decision to allow the State to reopen its case for the presentation of further evidence lies within the sound discretion of the trial court, and this Court will not reverse that decision absent an abuse of discretion. State v. Dula (Jan. 27, 1999), 9th Dist. No. 98CA0030; State v. Pruiett (Dec. 26, 2001), 9th Dist. No. 20518. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} In this case, appellant was charged with one count of receiving stolen property in violation of R.C. 2913.51(A), which states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." During its case-in-chief, the State presented evidence that several text books were stolen from Elizabeth Whittar's possession and that appellant had advertised some of those text books for sale on-line. The State presented further evidence that one of the books advertised for sale by appellant was the exact copy of the book Methods of Interregional and Regional Analysis, because certain pages which had fallen out and were retained by Ms. Whittar were missing from appellant's copy. The State presented evidence that a search of appellant's home revealed that appellant had over a thousand books in his home.
 {¶ 7} The State rested upon the presentation of this evidence, and appellant moved for acquittal pursuant to Crim.R. 29, arguing that the State failed to present any evidence that appellant knew or had reasonable cause to believe that the books he was selling to the undercover police officers were stolen. A review of the record reveals that the State indeed failed to present such evidence prior to resting.
 {¶ 8} Crim.R. 29 provides, in relevant part:
"(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} In this case, after appellant moved for a judgment of acquittal pursuant to Crim.R. 29, the trial court did not immediately rule on the motion. Instead, the trial court inquired of the State:
"Why don't you tell me what evidence you have then that the Defendant knew or had reasonable cause to believe that these books had been obtained through the commission of theft offense."
 {¶ 10} The State responded that it believed that appellant's mere possession of the books indicated that appellant knew or had reasonable cause to believe the books were stolen. The trial court questioned how appellant's mere possession of the books established such evidence of appellant's knowledge or reasonable cause to believe that the books had been stolen. The State responded that it could establish the element of appellant's knowledge or reasonable cause to believe the books were stolen, if the court would allow it to recall one of the State's witnesses. The trial court asked appellant whether he had any objection to the State's reopening its case, and appellant entered his objection. Nevertheless, the trial court allowed the State to reopen its case and recall Patrolman Fatzinger "only to present testimony on the issue of knowledge."
 {¶ 11} Upon recall, Patrolman Fatzinger testified that appellant provided a written statement to the Wooster Police Department, in which appellant admitted:
"Beginning in early February I began selling books online at Amazon.com that I purchased from Goodwill stores, picked up off the library discard tables, received from individuals affilitad [sic] with the College of Wooster that I suspected were stolen but wasn't 100% sure about, and free courtesy copies of textbooks. I suspected that approximately 50 books had been stolen, although we never discussed it."
 {¶ 12} This Court finds that the trial court did not abuse its discretion when it allowed the State to reopen its case to present evidence it had earlier omitted regarding a necessary element of the offense after the State had rested and appellant had moved for Crim.R. 29 judgment of acquittal.
 {¶ 13} This Court finds this case analogous to our decision in State v. Pertee (Nov. 22, 1995), 9th Dist. No. 95CA0033, in which we found that the trial court did not abuse its discretion by allowing the State to reopen its case after resting and after the defendant moved for judgment of acquittal pursuant to Crim.R. 29. In Pertee, the defendant was charged with one count of domestic violence against his former girlfriend. The State failed to present any evidence as to how the victim might have been a family or household member, a necessary element of the offense. The victim testified in the State's case-in-chief that she had not lived with the defendant for one year prior to the date of the incident. The State rested, and the defendant moved for acquittal, arguing that the State had failed to prove a necessary element of the offense. The State argued that it had proved that the victim was a family member, because she was the defendant's common law wife. The State then conceded that the victim could not have been the defendant's common law wife, because Ohio had abolished common law marriage prior to the defendant's and victim's prior cohabitation. The State then moved to reopen its case to present evidence that the victim and defendant had cohabited within one year prior to the date of the incident. The trial court allowed the State to reopen its case, and this Court affirmed, stating:
"In this case, the State apparently originally intended to rely upon a theory of common law marriage in order to satisfy its burden of proving that the alleged victim was a member of defendant's family or household. It, therefore, did not attempt to clarify the dates when the alleged victim had cohabited with defendant. Criminal cases are not sporting events in which only the direct players have an interest. They are to be decided based upon the law as applied to their true facts. [Triers of fact], whenever possible, should be provided all available relevant evidence. The trial court did not abuse its discretion in this case by permitting the state to reopen its case in order to permit the alleged victim to clarify her testimony. By doing so, it assured that defendant's guilt or innocence would be determined based upon the [trier of fact's] assessment of the witnesses' credibility rather than upon the State's original reliance upon a flawed theory of liability." Pertee, supra.
 {¶ 14} In the instant case, the State moved to reopen its case upon the realization that it had inadvertently omitted the presentation of evidence relevant to its prosecution of appellant. The State had in its possession, prior to the presentation of any witness testimony, evidence regarding appellant's knowledge or reasonable cause to believe that the books he was selling were stolen. This is not the case where the State was permitted to reopen its case after further opportunity to obtain the necessary evidence. Rather, it was a case of mere oversight by the State which had already obtained the necessary evidence through its prior investigation of the incident and preparation for trial. When the trial court allowed the State to reopen its case under these circumstances, it appropriately enabled the trier of fact to hear all available relevant evidence in the interest of justice. Accordingly, the trial court did not abuse its discretion by allowing the State to reopen its case to present additional evidence after appellant moved for judgment of acquittal pursuant to Crim.R. 29. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AT THE CLOSE OR THE STATE'S CASE IN CHIEF."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT'S VERDICT FINDING THE APPELLANT GUILTY OF RECEIVING STOLEN PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} Appellant argues that the trial court erred in overruling his motion for judgment of acquittal, because the State presented insufficient evidence to prove the charge of receiving stolen property. Appellant further argues that his conviction is against the manifest weight of the evidence. This Court disagrees.
 {¶ 16} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a trial court's ruling on a Crim.R. 29(A) motion for acquittal, this Court construes the evidence in a light most favorable to the State. State v. Wolfe (1988),51 Ohio App.3d 215, 216.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752.
 {¶ 17} The test for sufficiency requires a determination of whether the State has met its burden of production at trial.State v. Walker (Dec. 12, 2001), 9th Dist. No. 20559; See, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 390. (Cook, J., concurring)
 {¶ 18} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley
(Mar. 15, 2000), 9th Dist. No. 19600. A determination of whether a conviction is against the manifest weight of the evidence, however, does not require this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654, 2004-Ohio-1422, at ¶ 11. Rather,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
A new trial should be granted, however, only in the exceptional case, where the evidence weighs heavily against the conviction. Id.
 {¶ 19} This Court has stated that "[s]ufficiency is required to take a case to the jury [.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 20} Appellant was charged with one count of receiving stolen property in violation of R.C. 2913.51(A), which states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 21} At trial, Elizabeth Whittar, a student at the College of Wooster, testified that she left several text books in a study carrel at the college library on January 15, 2005. She testified that when she returned the next morning, the text books were gone. One of the books, Methods of Interregional and Regional Analysis, belonged to her professor. Ms. Whittar testified that several pages had come loose from the book due to her repeated use. She retained the missing pages. Ms. Whittar reported the theft to the police.
 {¶ 22} Patrolman Fatzinger of the Wooster police department testified that he met with Ms. Whittar and a security officer from the College of Wooster regarding the missing books. The security officer looked up the books on Amazon.com and found the same titles for sale by a private seller. Patrolman Fatzinger testified that he and another officer then coordinated a sting operation, in which they set up a meeting with the private seller. Patrolman Fatzinger arranged to meet with the seller, and appellant appeared at the designated time and place with a book entitled Methods of Interregional and Regional Analysis. Appellant's book was missing the exact pages missing from the book that Ms. Whittar had in the library.
 {¶ 23} Patrolman Fatzinger testified that he searched appellant's home after securing a search warrant. During the search, the officer found thousands of books, although he believed that most of them were appellant's personal books. Patrolman Fatzinger believed that a couple of the books, however, were stolen; because the titles matched some of Ms. Whittar's missing books.
 {¶ 24} Patrolman Fatzinger testified that during the course of his investigation he spoke with appellant, who admitted that he thought that approximately 50 of the books he had obtained for resale were stolen. The officer testified that appellant refused to tell him who provided books to appellant for resale, because appellant "didn't want that other person going to jail."
 {¶ 25} Also admitted into evidence was the State's exhibit 1, which was a voluntary statement written by appellant at the Wooster Police Department on February 28, 2005. In his statement, appellant admitted:
"Beginning in early February I began selling books online at Amazon.com that I purchased from Goodwill stores, picked up off of library discard tables, received from individuals affilitad [sic] with the College of Wooster that I suspected were stolen but wasn't 100% sure about, and free courtesy copies of textbooks. I suspected that approximately 50 books had been stolen, although we never discussed it. Mostly glossy-looking textbooks."
Appellant further wrote that he got the book Methods of Interregional and Regional Analysis at the Wooster Goodwill.
 {¶ 26} A thorough review of the record compels this Court to find no indication that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting appellant of receiving stolen property. The weight of the evidence supports the conclusion that appellant had received and was attempting to dispose of books which he suspected had been stolen. Accordingly, this Court finds that appellant's conviction was not against the manifest weight of the evidence. Further, having found that appellant's conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction, so that the trial court did not err when it denied appellant's Crim.R. 29 motion for judgment of acquittal. Appellant's first and third assignments of error are overruled
 III. {¶ 27} Appellant's assignments of error are overruled. The judgment of the Wayne County Municipal Court, which convicted appellant of one count of receiving stolen property, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Boyle, J. concurs.