JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Roberson ("defendant"), appeals from a jury verdict finding him guilty of robbery and aggravated theft. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On the morning of October 4, 2005, defendant entered a Target store in Bedford, Ohio. The security video cameras recorded defendant entering the store. Defendant was walking quickly and immediately proceeded to the electronic department in the back of the store. Defendant placed two 20-inch flat screen televisions in a cart. Defendant then wandered around the store for a few moments before walking toward the front of the store.
 {¶ 3} As defendant approached the exit of the store, he removed the televisions from the cart and hoisted them over his head. Michael Johnson ("Johnson"), head of security for Target, suspected that defendant was trying to leave the store with the televisions. As Johnson approached the defendant, defendant lost his grip on the televisions and they fell to the floor. Johnson told defendant to follow him to the loss prevention offices. Defendant cooperated initially, but then began to thrash around. Keith Blough ("Blough"), another security guard, was approaching the pair just as defendant punched and pushed Johnson. Defendant then ran through Blough and out the exit of the store. Johnson and Blough both chased defendant into the parking lot, but defendant got into his car and drove away. Johnson recorded the license plate on defendant's vehicle and reported the matter to the Bedford police, who arrested defendant later that day. The entire incident was recorded on video and lasted only a few minutes.
 {¶ 4} On December 1, 2005, the Cuyahoga County Grand Jury indicted defendant on one count of aggravated theft in violation of R.C. 2913.02
and four counts of robbery in violation of 2911.02.
 {¶ 5} On March 22, 2006, a jury trial began and the following testimony was given: The State first called Johnson, who testified that he saw defendant enter the store and had been watching him on the cameras since his entrance. He suspected that defendant was attempting to bypass the exit security sensors by hoisting the televisions onto his shoulders. Johnson approached the defendant, who told him "[you] better get out of the way." Johnson grabbed hold of defendant's arm and told him to follow him to the security offices. Johnson testified that they got about halfway to the office when defendant began "thrashing around" and "at one point actually uppercutting me, lifted me up and tossed me back."[1] Johnson said defendant then "plowed" through Blough, who was attempting to block the doorway with his body, and ran out the exit of the store. Johnson and Blough both ran after defendant but he jumped into his car and drove away. Johnson stated that he did not pursue the car because he saw defendant reaching for his pocket and suspected that defendant might have a weapon.
 {¶ 6} Next, Officer Brian Kozer, a crisis negotiator with the Bedford Police Department, testified that he responded to a complaint from Target security about a shoplifter. Officer Kozer testified that he arrived at defendant's house because the Maple Heights police were having a difficult time with the defendant. Officer Kozer testified that he persuaded defendant to let the police inside the house and, later, to come down to the station for questioning about the situation.
 {¶ 7} Next, Detective Brian Byard of the Bedford Police Department testified that he received a call regarding the incident at Target. He was able to trace the license plate obtained by Johnson to the defendant's house. Det. Byard arrived at defendant's house and saw a vehicle matching the plate and description inside the garage. He said that defendant refused to come outside to talk with him. He spoke with defendant through the window and defendant initially denied being at Target. Det. Byard stated that defendant was very agitated and finally said that Johnson had roughed him up. Det. Byard called for backup. Shortly thereafter, Officer Kozar arrived at the scene and defendant allowed both men to enter his house.
 {¶ 8} The State rested and the defendant moved for acquittal on Count One of the indictment. Specifically, defendant asserted that the State failed to prove that the value of the items allegedly stolen exceeded $500, which would have made the offense a felony under R.C. 2913.02. The trial court reserved ruling on the matter and then allowed the State to reopen its case-in-chief and recall Johnson for the limited purpose of establishing the value of the televisions. Over objection, Johnson testified that the combined value of both televisions was $1,099.98.
 {¶ 9} For the defense, defendant testified in his own behalf. Defendant stated that he went to Target to buy the two television sets because they were on sale. He stated that he was not going to leave the store with the televisions but was only going to the customer service area to put the items on hold. He admitted that he hoisted the televisions over his head but stated it was because they were too heavy to carry by the handles and not to avoid the exit security sensors. He said that he thought he bumped into an elderly lady and that is when the televisions slipped from his grasp and fell to the floor. He said that Johnson approached him and accused him of trying to steal the televisions and that he told Johnson he was just going to customer service. He agreed to accompany Johnson back into the store and stated that Johnson tried to put him in a headlock and told him he was going to charge him with robbery. He stated that he tensed up and then ran from the store. He admitted that he bumped into Blough, but stated that he did not know he was a security guard. He stated that Johnson followed him into the parking lot and began swinging at him. He stated that he told Johnson he was going to press charges against him and then walked, not ran, to his car. He stated that Johnson started banging on his window and then busted out his tail-light as he drove away. On cross-examination, defendant claims that Johnson altered the security video tapes and deleted a scene anywhere from one to five minutes long, where defendant was explaining to Johnson that he was just going to customer service.
 {¶ 10} On March 24, 2006, defendant was found guilty on three counts of robbery, as charged in the indictment and one count of aggravated theft as charged in the indictment. Defendant was found not guilty of the robbery charge with regard to Blough. Defendant was sentenced to a total term of two years in prison. Defendant now appeals and raises the following three assignments of error for our review.
 {¶ 11} "I. Appellee was deprived of his liberty without due process of law, where the evidence failed to prove him guilty of robbery."
 {¶ 12} In his first assignment of error, defendant argues that the State failed to present sufficient evidence to support his convictions for robbery.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 15} Defendant was charged with robbery in violation of R.C.2911.02(A)(2). R.C. 2911.02(A)(2) defines the crime of robbery and provides in pertinent part that "no person, in attempting or committing a theft offense * * * shall * * * inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 16} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant inflicted physical harm upon Johnson during the commission of a theft offense and the trial court properly denied his motion for acquittal.
 {¶ 17} Defendant's reliance upon State v. Thomas, 106 Ohio St.3d 133,2005-Ohio-106 is misplaced. In Thomas, the defendant left the store with stolen merchandise, dropped it and continued to walk away from the store, entering a laundromat. He was approached by a uniformed off-duty police officer, who asked the defendant to accompany him back to the store. As they approached the store, the defendant struck the officer and attempted to flee. The Supreme Court noted that the defendant was no longer exerting control over the stolen merchandise, so the use of force could not be said to have occurred during the commission of the offense. The Supreme Court also found that there was a lapse of time between the theft and the attempt to flee, so that the defendant's flight could not be said to have immediately followed the theft. However, the court specifically stated that their "conclusion in this case is fact-specific * * *. Had [defendant] struggled with [the officer] in an attempt to flee immediately after [defendant] left the store, or after he dropped the stolen goods, or after being forced by [the officer] to return to the store, then an ensuing injury, attempt to injure, or threat to injure might justify elevation of the offense from theft to robbery." Id. at 135.
 {¶ 18} Here, the facts of this case demonstrate the exact scenerio that the Supreme Court described. The video surveillance tape establishes that less than one minute elapsed between the time Johnson approached defendant and asked him to accompany him to the security office and defendant's subsequent attack and exit from the store. Defendant's contention that he was not in possession of the televisions at the time Johnson intercepted him is simply not supported by the record. This is not a case where the defendant abandoned the merchandise before returning to the store at the employee's request. See State v.Thomas, supra. Rather, defendant dropped the televisions because he lost his grip on the boxes. This is also not a case where time had elapsed between the theft offense and the attempt to flee. See State v.Thomas, supra. From the time defendant dropped the televisions until he fought with Johnson and ran through Blough, less than one minute had passed. The struggle ensued as Johnson was attempting to detain defendant for the commission of a theft offense. There was no intervening act or event that occurred between the attempted theft and defendant's use of force to flee the store. As such, defendant's actions upon his return inside with Johnson were "immediately after" the theft offense within the meaning of R.C. 2911.02(A). See, also, In reOliver, Licking App. No. 2005-CA-40, 2005-Ohio-5792; State v.Beasley, Cuyahoga App. No. 87070, 2006-Ohio-4882.
 {¶ 19} Construing the testimony in a light most favorable to the State, as we are required to do, it is clear there was sufficient evidence which, if believed, demonstrated that defendant engaged in the act of robbery as defined by 2911.02(A)(2). Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of robbery proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} "II. The trial court violated Mr. Roberson's rights to due process and a fair trial under the Fifth and Sixth Amendments of the Constitution when it stayed its ruling on Mr. Roberson's Rule 29 motion and allowed the prosecution to reopen its case-in-chief to present evidence necessary to prove up the charge of aggravated theft."
 {¶ 22} In his second assignment of error, defendant argues that the trial court abused its discretion when it allowed the State to reopen its case-in-chief, after it had rested and defendant had moved for acquittal pursuant to Crim.R. 29, so that the State could present evidence regarding the value of the televisions. We disagree.
 {¶ 23} The decision to allow the State to reopen its case for the presentation of further evidence lies within the sound discretion of the trial court, and this Court will not reverse that decision absent an abuse of discretion. Columbus v. Grant (1981), 1 Ohio App.3d 96. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 24} Here, defendant was charged with one count of aggravated theft in violation of R.C. 2913.02. R.C. 2913.02(B)(2) enumerates the additional findings which determine the degree of the offense. Specifically, in order to obtain a felony conviction under this statute, the State needed to prove that the value of the items allegedly stolen exceeded $500.
 {¶ 25} During its case-in-chief, the State presented evidence that two televisions were stolen from Target. Det. Byard testified that during the course of his investigation, he determined the value of the televisions at $1,099.98. Following the State's case, defendant moved for acquittal pursuant to Crim.R. 29, arguing that the State failed to elicit testimony from Johnson, the Target employee, as to the value of the televisions. A review of the record reveals that the State indeed failed to elicit this testimony from Johnson prior to resting.
 {¶ 26} Crim.R. 29 provides, in relevant part:
 {¶ 27} "(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 28} Here, after defendant moved for a judgment of acquittal pursuant to Crim.R. 29, the trial court did not immediately rule on the motion. Instead, the trial court made further inquiry into the matter. The State responded that it believed that the Target incident report, from which Det. Byard determined the value of the televisions as part of his investigation, was sufficient to establish the value of the televisions. The State also stated that it believed that Johnson had testified as to the value of the merchandise. After a brief recess, the State responded that it could establish the element of value, if the court would allow it to recall the Target employee. Over defendant's objection, the trial court allowed the State to reopen its case and recall Johnson for the limited purpose of establishing the value of the televisions. Upon recall, Johnson testified that the value of the televisions allegedly stolen by defendant was $1,099.98.
 {¶ 29} We find that the trial court did not abuse its discretion when it allowed the State to reopen its case after the State had rested and defendant had moved for Crim.R. 29 judgment of acquittal. During its case-in-chief, the State presented evidence on each element of the offense of aggravated theft. Unfortunately, the State failed to present specific evidence on the additional finding, to wit, the value of the merchandise, which determined the degree of the offense. However, the State had this evidence in its possession, prior to the presentation of any witness testimony. See State v. Nerren, Wayne App. No. C.A. 05CA0052, 2006-Ohio-2855. This is not a case where the State was permitted to reopen its case after further opportunity to obtain the necessary evidence. Id. Rather, it was a case of mere oversight by the State which had already obtained the necessary evidence through its prior investigation of the incident and preparation for trial. Id. Moreover, there is no claim of surprise or prejudice on the part of defendant due to the nature or content of this additional testimony. SeeState v. Gaskins, Seneca App. No. 13-04-12, 2004-Ohio-5427.
 {¶ 30} When the trial court allowed the State to reopen its case under these circumstances, it appropriately enabled the trier of fact to hear all available relevant evidence in the interest of justice. Id. Accordingly, the trial court did not abuse its discretion by allowing the State to reopen its case to present additional evidence after defendant moved for judgment of acquittal pursuant to Crim.R. 29.
 {¶ 31} Defendant's second assignment of error is overruled.
 {¶ 32} "III. The trial court violated Mr. Roberson's rights to due process and a fair trial under the Fifth and Sixth Amendments of the Constitution when it allowed the prosecution to expose to the jury the fact that Mr. Roberson had numerous previous convictions including one for aggravated burglary and another for grand theft and thereby unfairly prejudiced this case."
 {¶ 33} In his final assignment of error, defendant argues that the trial court erred when it allowed the State to question him about his prior convictions for theft. We disagree.
 {¶ 34} During direct examination, defendant testified that he had gone to jail for a previous felonious assault and vandalism conviction. However, he was extremely vague with regard to the details and when asked about other felony convictions stated "Not that I-I think I had one."[2] During defendant's direct examination and cross-examination, the trial court had to admonish defendant many times to only answer the questions asked of him. During his cross-examination, defendant stated, in an unsolicited manner, that "But instead of jumping out and being more confrontational, I just pulled out. And I didn't pull out fast because if the police had came, I didn't want them trying to say that I tried to run him over and this and that because I knew he had escalated the situation. This is not a situation that I would have to say I'veever been new to."[3] (Emphasis added.)
 {¶ 35} Following this statement, the trial court stopped the proceedings and concluded that defendant had "opened the door" for further inquiry into what he meant by this comment.[4] Over objection, the State then proceeded to question defendant with regard to this statement and defendant admitted that he had been involved with the law before including convictions for theft and aggravated burglary in 1988, grand theft in 1991 and 1993, and another similar offense for which he sustained a conviction under a different name at about the same time.
 {¶ 36} Evid.R. 609(A)(2) permits the admission of prior convictions if the crime was punishable by imprisonment in excess of one year, provided that the probative value outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury, and the evidence is not excluded by the court in its discretion under Evid.R. 403(B). A trial court is afforded broad discretion in determining the extent to which such evidence may be admitted under Evid.R. 609. State v. Wright (1990),48 Ohio St.3d 5.
 {¶ 37} Here, we do not find that the trial court abused its discretion in allowing the State to use defendant's prior theft convictions to impeach his credibility. Defendant's testimony on direct examination and cross-examination opened the door to further questioning about his prior theft convictions. Indeed, defendant's own counsel acknowledged that defendant "[u]nfortunately, [defendant] has gone on and on and on in some of these things."[5] Under the circumstances presented in this case, it was appropriate for the State to impeach defendant and to test his credibility by introducing testimony regarding these prior convictions.
 {¶ 38} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Tr. 190.
[2] Tr. 324.
[3] Tr. 393.
[4] Tr. 397.
[5] Tr. 396. *Page 1