PER CURIAM OPINION
{¶ 1} The instant matter is an original action in which relator, David E. Feathers, seeks a writ of prohibition against respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the basis for his sole claim, relator asserts that he has been subject to mistreatment by prison officials as a result of his actions in assisting his fellow inmates to maintain legal proceedings. Specifically, he submits that respondent and his "agents" have limited his movements throughout the prison in retaliation for his actions. In addition, relator alleged that he has been denied access to his prison money *Page 2 
account because the officials have used his funds to pay court costs without his permission. For his ultimate relief, relator prays for the issuance of a writ which would stop respondent from engaging in the alleged retaliatory behavior.
 {¶ 2} Upon fully reviewing the factual allegations in the instant petition, this court holds that relator has failed to state a viable claim for a writ of prohibition because the specific relief he seeks cannot be afforded through such a writ. As we have consistently noted in prior original actions, the function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction. Blackwell v. Camplese, 11th Dist. No. 2003-A-0060, 2003-Ohio-4365, at ¶ 5. In other words, "* * * a writ of prohibition has been defined as an order in which a court of superior authority commands a court of inferior jurisdiction to stop abusing its basic judicial power." State ex rel. Sferra v. Girard, 11th Dist. No. 2005-T-0125, 2006-Ohio-1876, ¶ 13.
 {¶ 3} Given the foregoing precedent as to the inherent purpose of this writ, this court has further indicated that "* * * the proper respondent to a prohibition action is typically the court or judge who is intending to act beyond the parameters of his jurisdiction. Although it is certainly possible for other public entities or officials to be properly named as a respondent in this type of action, the decisive factor is whether the entity or official is actually performing a judicial or quasi-judicial function. * * * If the entity or official is not exercising any judicial discretion in performing a public function, an action in prohibition is not the proper legal means of enjoining the completion of the act." (Citation omitted.) Id., at ¶ 15.
 {¶ 4} In State ex rel. Carter v. Ohio Dep. of Rehabilitation andCorrection, 10th *Page 3 
Dist. No. 04AP-339, 2004-Ohio-5267, an inmate sought a writ of prohibition to stop a warden and the state correction department from enforcing a new policy as to the execution of a waiver as a condition of post-release control. As part of its discussion, the Carter court first noted that if the warden or department were about to conduct a hearing regarding whether the inmate was entitled to parole, a writ of prohibition could lie because they would be engaging in a quasi-judicial function. However, since the enforcement of the "waiver" policy did not involve any type of judicial function, the dismissal of the case was warranted because the inmate would never be able to satisfy the elements of the writ.
 {¶ 5} In the instant matter, relator has basically asserted that respondent is not treating him properly and is retaliating against him in light of his attempt to assist other inmates with legal problems. While this court would acknowledge that mistreatment sometimes can be viewed as a form of "punishment" which is typically imposed by a judicial power, our review of the prohibition petition readily shows that relator has not alleged that the mistreatment has occurred after respondent has conducted a hearing and has issued some type of judicial decision. Instead, his allegations merely indicate that respondent and his agents are trying to control his behavior by punishing him for what is perceived as violations of prison rules. To this extent, respondent is enforcing policy as the head of the penitentiary, not as a quasi-judicial officer. Although, under certain circumstances, mistreatment of an inmate through the enforcement of prison policy may be actionable in a separate type of legal proceeding, it cannot be litigated in the context of a prohibition case.
 {¶ 6} As a general proposition, this court has concluded that a prohibition claim *Page 4 
can be subject to dismissal under Civ.R. 12(B)(6) when the nature of the relator's allegations are such that, even if the allegations are presumed true and interpreted in a manner most favorable to him, it would still be beyond doubt that he will not be able to prove a set of facts entitling him to the writ. State ex rel. McKay v. Yost, 11th Dist. No. 2006-A-0054, 2007-Ohio-1981, at ¶ 17. In also applying Civ.R. 12(B)(6) to claims in prohibition, the Supreme Court of Ohio has expressly held that a dismissal can be made sua sponte and without notice if the petition is frivolous or it is obvious that the allegations are not legally sufficient. State ex rel. Scott v.Cleveland, 112 Ohio St.3d 324, 2006-Ohio-6573, at ¶ 14.
 {¶ 7} As an element of a writ of prohibition, the relator must be able to establish, inter alia, that a judicial officer is preparing to use his judicial authority. McKay, 2007-Ohio-1981, at ¶ 12. Pursuant to the foregoing analysis, this court concludes that relator's own allegations demonstrate that he will not be able to satisfy this element. That is, relator will never be able to prove under his present allegations that respondent is acting in a judicial capacity in enforcing prison policy. Thus, his sole prohibition petition is subject to dismissal for failure to state a viable claim for relief under Civ.R. 12(B)(6). Moreover, we also hold that the sua sponte dismissal of the petition is warranted because the legal insufficiency of relator's allegations is readily obvious.
 {¶ 8} Accordingly, pursuant to Civ.R. 12(B)(6), it is the sua sponte order of this court that relator's entire prohibition petition is hereby dismissed in its entirety.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., MARY JANE TRAPP, J. concur. *Page 1