[Cite as *State ex rel. Bridge v. Chardon Mun. Court*, 2016-Ohio-344.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. LISA BRIDGE AND WILLIAM W. BRIDGE III, | : | **PER CURIAM OPINION** |
| Relators, | : | **CASE NO. 2015-G-0029** |
| - vs - | : | |
| CHARDON MUNICIPAL COURT, et al., | : | |
| Respondents. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Lisa Bridge* and *William W. Bridge III*, pro se, 9099 Fairmount Road, P.O. Box 26, Novelty, OH 44072 (Relators).

*James M. Gillette*, Chardon Village Law Director, PNC Bank Building, 117 South Street, Suite 208, Chardon, OH 44024 (For Respondents).

PER CURIAM.

{¶1}   Before this court is relators', Lisa and William Bridge, petition for a writ of prohibition.  Respondents, Judge Terri L. Stupica and the Chardon Municipal Court, filed a motion for summary judgment, claiming relators have failed to meet the elements for granting a writ of prohibition.  For the reasons that follow, we grant respondents' motion for summary judgment and dismiss relators' petition for a writ of prohibition.

**{¶2}** On June 17, 2015, relators filed a complaint for writ of prohibition. In the complaint, relators request this court vacate the "Judgment Entry and Writ of Restitution" filed on July 8, 2015, in case No. 2015 CV G 0048, in the Chardon Municipal Court. Relators argue the Chardon Municipal Court and Judge Stupica did not have subject matter jurisdiction to issue a judgment in case No. 2015 CV G 0048, because subject matter jurisdiction is vested exclusively in the United States District Court for the Northern District of Ohio and the United States Court of Appeals for the Sixth Circuit.

**{¶3}** Respondents rejected relators' arguments and filed a motion for summary judgment, to which relators have filed a response.

**{¶4}** The underlying cases center upon real property located at 9099 Fairmount Road in Novelty, Ohio. Relators entered into a loan agreement for this property with Aames Capital Corporation; it was subsequently assigned to Deutsche Bank National Trust Company ("Deutsche Bank").

**{¶5}** In 2007, Relator Ms. Bridge filed suit in federal court against, inter alia, Aames Capital Corporation, alleging misconduct relating to the claimed default on relators' mortgage and the actions taken by defendants in their attempts to collect the disputed debt. Case No. 1:07 CV 2739 ("*Bridge I*").

**{¶6}** In 2009, while the above appeal was pending, the Bridges filed an action in state court seeking declaratory relief and a quiet-title action. Deutsche Bank removed the case to federal court, case No. 1:09 CV 2947 ("*Bridge II*"), where the Sixth Circuit affirmed the district court's dismissal with prejudice. In granting the motion to dismiss for failure to state a claim upon which relief can be granted, the district court pointed out

2

that "Mrs. Bridge's position had not changed: 'Plaintiff is still in default of her mortgage and subject to foreclosure.'"

{¶7} After the release of *Bridge II*, the district court, in *Bridge I*, granted Deutsche Bank's motion for summary judgment on its foreclosure complaint and third-party complaint. The district court found that Deutsche Bank's counterclaim and third-party complaint for foreclosure was a separate, cognizable claim for relief from Lisa and William Bridge's allegations in their complaint.

{¶8} Thereafter, on June 16, 2015, Deutsche Bank filed a complaint for forcible entry and detainer in the Chardon Municipal Court, which was attached to relators' motion for summary judgment. In the complaint, Deutsche Bank alleged that it had completed a foreclosure action against the Bridges, case No. 1:07-CV-02739. Deutsche Bank attached a recorded "Master Commissioner's Deed," obtained in the United States District Court, case No. 1:07-CV-02739. The "Master Commissioner's Deed," attached to the complaint, noted that a decree in foreclosure had been granted on the 6th Day of September 2013 and an Order of Sale "was afterwards, on the 23rd day of September, 2013, duly issued" commanding the Master Commissioner to sell the premises. It further stated that on November 25, 2013, the real estate was sold at public auction to grantee, Deutsche Bank National Trust Company, f/k/a Bankers Trust Company of California, N.A., as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1.

{¶9} A hearing on Deutsche Bank's complaint was held on July 7, 2015. In a July 8, 2015 judgment, the Chardon Municipal Court entered judgment for Deutsche Bank against William and Lisa Bridge, jointly and severally, for restitution of the

3

premises. The Bridges were ordered to vacate by Friday, July 17, 2015. The Bridges did not file an appeal.

{¶10} "The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper,* 40 Ohio St.2d 65 (1974), paragraph one of the syllabus. "[T]he function of a writ of prohibition is very limited; i.e., the sole purpose of such a writ is to stop an inferior court or judicial officer from engaging in any action which exceeds the general scope of its jurisdiction." *State ex rel. Feathers v. Gansheimer,* 11th Dist. Ashtabula No. 2006-A-0038, 2007-Ohio-2858, ¶2.

{¶11} With regard to the second and third element, as enumerated above, "this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only." *Johnson v. Geauga Cty. Ct. of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶7. If, however, "the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue." *State ex rel. Leatherworks Partnership v. Stuard,* 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶19.

{¶12} Relators claim the Chardon Municipal Court lacked subject matter jurisdiction over the forcible entry and detainer action due to pending claims in federal court regarding the alleged misconduct in the attempt to collect the disputed debt on the property at issue. As recognized by the district court, however, when granting Deutsche Bank's motion for summary judgment on its foreclosure complaint and third-party complaint, the allegations of the Bridges' complaint were unrelated and separate from the complaint in foreclosure.

{¶13} R.C. 1901.18(A)(8) provides jurisdiction for municipal courts to hear and determine forcible entry and detainer actions. Although relators have a federal case pending concerning a separate and distinct issue, courts have recognized that pending actions in other courts do not prevent a municipal court from rendering judgment in a forcible entry and detainer action. *State ex rel. Carpenter v. Warren Mun. Court*, 61 Ohio St.2d 208, 210 (1980). *See also Haas v. Gerski*, 175 Ohio St. 327 (1963), paragraph two of the syllabus ("[t]he pendency of an action to quiet title to realty in a Court of Common Pleas is not a bar to a forcible entry and detainer action in a Municipal Court").

{¶14} Additionally, relators had an adequate remedy at law: an appeal. *See State ex rel. Plant v. Cosgrove,* 119 Ohio St.3d 264, 2008-Ohio-3838, ¶5 ("In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal.") Prohibition generally "will not issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Hemsley v. Unruh,* 128 Ohio St.3d 307, 2011-Ohio-226, ¶9.

{¶15} For the foregoing reasons, respondents' motion for summary judgment is granted and relators' petition for a writ of prohibition is dismissed.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., concur.